Marvin W. LERNER, M.D., Appellant,

v.

FIRST COMMERCE BANK, Appellee.

No. 14–07–01084–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 10, 2009.

---

18. Brown has asserted that appellees last represented him in 1999; the Bolton Foundation case was filed in 2002.

Samuel J. Lee, II, Angleton, TX, for Appellant.

Michael M. Phillips, Angleton, TX, for Appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and FROST.

## OPINION

LESLIE B. YATES, Justice.

Appellant Marvin W. Lerner, M.D., brought suit against appellee First Commerce Bank ("the Bank") after the Bank refused to honor a cashier's check. In his sole issue, Lerner contends that the trial court erred in granting summary judgment in the Bank's favor based on the Bank's affirmative defense of limitations. We affirm.

On January 10, 1973, Brazosport Bank of Commerce, the Bank's predecessor, issued a cashier's check to Lerner in the amount of $19,944.46. According to an affidavit filed by Lerner, Lerner presented the cashier's check for payment by depositing it in his account with First National Bank of Bellaire on October 15, 1980, but Brazosport refused to pay the check and noted that it was "not outstanding on [Brazosport's] records." Lerner was aware of this refusal by October 20, 1980. According to Lerner's deposition, he then contacted Brazosport's president at that time, George Aubin, who told him that there must have been an error and to send the cashier's check "back through." Instead, Lerner put the cashier's check in his desk drawer and "didn't pay much attention to it." Lerner did not seek payment on the cashier's check again until December 2005. The Bank again refused to honor the check. In October 2006, Lerner brought suit against the Bank for breach of contract and the Bank moved for summary judgment, claiming that Lerner's claim was time-barred as of 1984 under either the statute of limitations applying to actions for debt or the general statute of limitations in effect when Brazosport refused to honor the check in 1980. The trial court granted summary judgment in the Bank's favor on November 19, 2007, finding that Lerner's claim was barred by

an unspecified four-year statute of limitations that expired on October 19, 1984.

The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is well established. The movant must show there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In conducting our review, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor. *Id.*

▇▇▇ To be entitled to summary judgment based on its limitations defense, the movant must conclusively establish the date the cause of action accrued, negate the applicability of the discovery rule, and prove as a matter of law that the non-movant's claim is time-barred. *See id.; Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990). If the movant establishes that the action is barred by limitations, the non-movant must then put on proof that raises a fact issue on limitations to avoid summary judgment. *KPMG Peat Marwick*, 988 S.W.2d at 748.

▇▇▇ On appeal, Lerner does not deny that his claim accrued when Brazosport refused to honor the cashier's check in 1980.[1] Rather, Lerner contends that the trial court erred in granting summary judgment in the Bank's favor because (1) a cashier's check is not subject to counter-

mand by the issuing bank, (2) no statute of limitations applied to actions based on the refusal to honor a cashier's check prior to January 1, 1996 when a three year statute of limitations specifically applying to dishonored cashier's checks went into effect under Texas Business and Commerce Code section 4.111, (3) section 4.111 does not affect rights accruing before its effective date, and (4) because the only time Lerner presented the cashier's check for payment after section 4.111's effective date was in December 2005, his lawsuit for breach of contract was not time-barred.

▇▇▇ Lerner correctly points out that a cashier's check is not subject to countermand by the issuing bank. *See Wertz v. Richardson Heights Bank & Trust*, 495 S.W.2d 572, 574 (Tex.1973). However, that rule is irrelevant to whether a subsequent suit for breach of contract, based on the Bank's refusal to honor the check, is barred by the statute of limitations. *See generally Guardian Bank v. San Jacinto Sav. Ass'n*, 593 S.W.2d 860, 863 (Tex.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) (recognizing that a cashier's check is a written contract upon which an action for breach may be brought).

▇▇▇ Regarding appellant's argument that no statute of limitations applied to his cause of action until he demanded payment in 2005, the Bank asserts, as it did below, that a four-year statute of limitations under either article 5527 or article 5529 of

1. As the Bank pointed out below, when Brazosport refused to honor the check on October 15, 1980, we had already held that a cashier's check is a written contract wherein the maker impliedly agrees to pay the check's face value to the holder. *Guardian Bank v. San Jacinto Sav. Ass'n*, 593 S.W.2d 860, 863 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.). A cause of action for breach of contract accrues at the moment of the breach. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). In this case, breach occurred at the moment Brazosport refused to honor the

check. The Bank negated the discovery rule's applicability and established the accrual date of Lerner's claim below by presenting summary judgment evidence that Lerner knew of Brazosport's refusal to honor the check (and therefore the accrual of his claim) on or before October 20, 1980. Though Lerner asserted in response that his first demand for payment came in 2005, he failed to support that statement with summary judgment proof, and he has apparently abandoned that position on appeal.

the former Texas Civil Statutes applied to Lerner's claim and began to run when it accrued in 1980. *See* Act effective Aug. 27, 1979, 66th Leg., R.S., ch. 716, § 2, 1979 Tex. Gen. Laws 1768, 1769, *repealed by* Act effective Sept. 1, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322 (article 5527); TEX.REV.CIV. STAT. ANN. art. 5529 (Vernon 1958) (article 5529).[2] At that time, article 5527 applied a four-year statute of limitations to "actions for debt." *See* Act effective Aug. 27, 1979, 66th Leg., R.S., ch. 716, § 2, 1979 Tex. Gen. Laws 1768, 1769 (repealed 1985). The phrase "actions for debt" has been construed to include actions for breach of a written contract. *Brooks Fashion Stores Inc. v. Northpark Nat'l Bank*, 689 S.W.2d 937, 941–42 (Tex.App.-Dallas 1985, no writ). Given that cashier's checks are written contracts, Lerner's claim was time-barred as of October 1984 by the four-year statute of limitations under article 5527. *See Guardian Bank*, 593 S.W.2d at 863 (holding that a cashier's check is a written contract).[3] Because the Bank established its right to summary judgment as a matter of law based on its affirmative statute of limitations defense, the trial court properly granted summary judgment. Accordingly, Lerner's sole issue is overruled.

Having overruled Lerner's sole issue, we affirm the trial court's judgment.

**2.** Article 5529 was repealed by Act effective Sept. 1, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322. It was replaced by § 16.051 of the Texas Civil Practice and Remedies Code, which was repealed by Acts 1995, 74th Leg., ch. 260, § 58(1), eff. May 30, 1995.

**3.** Moreover, even assuming that article 5527 did not apply to Lerner's claim, there was a residual or general four-year statute of limitations under article 5529 that applied to "[e]very action other than for the recovery of real estate, for which no limitation is otherwise prescribed." Tex.Rev.Civ. Stat. Ann. art. 5529 (repealed 1985). Thus, if no other statute of limitations applied, Lerner's claim would still have been time-barred in October 1984. Therefore, we disagree with Lerner's argument that no statute of limitations applied to his claim when it first accrued in 1980.