Affirmed in Part, Reversed and Remanded in
Part, and Opinion filed April 22, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00491-CV



R.R.
Yalamanchili, Appellant 

v.

Chayn Mousa, Appellee 



On Appeal from
the 80th District Court

Harris County, Texas

Trial Court
Cause No. 2006-25996



 

OPINION 

Appellant R.R. Yalamanchili appeals the trial court’s
order granting summary judgment on his nuisance and trespass claims against
appellee Chayn Mousa.  We affirm in part and reverse and remand in part.

BACKGROUND

Mousa owns a shopping center adjacent to a
residential neighborhood, and Yalamanchili owns property in that neighborhood. 
In the spring of 2002, Yalamanchili discovered that his yard was retaining
moisture, causing his plants and trees to die.  Trees continued to die over the
next several years.  In April 2006, Yalamanchili suffered even more plant and
tree loss as well as damage to his home’s foundation.  He hired an engineer to
investigate, and the investigation concluded that post-rain runoff water from
Mousa’s shopping center was the cause of his problems.  When asked in his
deposition how often water accumulates on his property, Yalamanchili testified
that “It’s predictable I believe with every rain of any magnitude.”  

Yalamanchili sued Mousa on April 28, 2006, asserting claims
for nuisance and trespass to land and requesting damages and a permanent
injunction.  Mousa moved for traditional summary judgment, asserting solely that
Yalamanchili’s claims were barred by limitations, and the trial court granted
Mousa’s motion.  On appeal, Yalamanchili argues the trial court erred in
granting summary judgment based on limitations.

SUMMARY JUDGMENT ON LIMITATIONS

A.    Applicable
Law

The standard for reviewing a summary judgment under
Texas Rule of Civil Procedure 166a(c) is well established.  The movant must
show there is no genuine issue of material fact and that judgment should be
granted as a matter of law.  KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999); Lerner v. First Commerce Bank,
No. 14-07-01084-CV, __ S.W.3d __, 2009 WL 3365849, at *1 (Tex. App.—Houston
[14th Dist.] Sept. 10, 2009, no pet.). In conducting our review, we take as
true all evidence favorable to the non-movant, and we make all reasonable
inferences in the non-movant’s favor.  KPMG Peat Marwick, 988 S.W.2d at
748; Lerner, 2009 WL 3365849, at *1.

To be entitled to summary judgment based on its
limitations defense, the movant must conclusively establish the date the cause
of action accrued, negate the applicability of the discovery rule if applicable
in the case, and prove as a matter of law that the non-movant’s claim is
time-barred.  See KPMG Peat Marwick, 988 S.W.2d at 748; Lerner,
2009 WL 3365849, at *1. If the movant establishes that the action is barred by
limitations, the non-movant must then put on proof that raises a fact issue on
limitations to avoid summary judgment.  KPMG Peat Marwick, 988 S.W.2d at
748; Lerner, 2009 WL 3365849, at *1.

Yalamanchili argues that the trial court erred in
granting summary judgment as to its nuisance and trespass claims based on
limitations.  Both nuisance and trespass claims are governed by a two-year
statute of limitations.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009); Schneider
Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264, 270 (Tex. 2004); W.W.
Laubach Trust v. Georgetown Corp., 80 S.W.3d 149, 158 (Tex. App.—Austin
2002, pet. denied).  The key issue in this case is when each cause of action accrued. 
When a cause of action accrues is a question of law.  See Schneider, 147
S.W.3d at 270, 274–75.

B.     Nuisance
Claim

A nuisance is a condition that substantially
interferes with the use and enjoyment of land by causing unreasonable
discomfort or annoyance to persons of ordinary sensibilities.  Id. at
269.  When a nuisance cause of action accrues depends on whether the nuisance
is temporary or permanent.  Id. at 270.  “A permanent nuisance claim
accrues when the injury first occurs or is discovered; a temporary
nuisance claim accrues anew upon each injury.”  Id.

a.      Temporary
or Permanent Nuisance?

The parties disagree as to whether the alleged
nuisance at issue is a temporary nuisance or a permanent one.  The distinction
is important as it controls how the statute of limitations will be applied in
this case.  See id.  The key case in analyzing whether a nuisance is
temporary or permanent is Schneider.  A permanent nuisance involves an
activity of such a character and existing under such circumstances that it will
be presumed to continue indefinitely.  See id. at 272.  A temporary
nuisance is of a limited duration, with it being uncertain whether any future
injury will occur.  See id.

Yalamanchili argues that the alleged nuisance is
temporary solely because the runoff from Mousa’s shopping center occurs only
during heavy rainfall and rainfall is by nature sporadic and unpredictable.  We
disagree.  Yalamanchili’s petition states that “[t]his re-occurring unabated
water dumping is a permanent nuisance,” and his undisputed testimony
established that water infiltrated his property “with every rain of any
magnitude” for many years.  This is sufficient to establish a permanent
nuisance.  As the Texas Supreme Court stated in Schneider, 

Generally, if a nuisance occurs at least a few times a year
and appears likely to continue, property values will begin to reflect that
impact, and jurors should be able to evaluate it with reasonable certainty. 
Even if a nuisance causes annoyance only during certain weather conditions or
certain months, annual experience should provide a sufficient basis for
evaluating the nuisance.  Absent evidence that current experiences are
unrepresentative or about to change, such nuisances should be considered
“permanent” as a matter of law.

. . . . 

[W]e hold that a nuisance should be deemed temporary only
if it is so irregular or intermittent over the period leading up to the filing
and trial that future injury cannot be estimated with reasonable certainty. 
Conversely, a nuisance should be deemed permanent if it is sufficiently
constant or regular (no matter how long between occurrences) that future impact
can be reasonably evaluated.

Schneider, 147 S.W.3d
at 280–81; see also Mitchell v. Timmerman, No. 03-08-00320-CV, 2008 WL
5423268, at *6 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op.) (holding
that flooding from every significant rain is permanent nuisance); Pope v.
John Kiella Homes, No. 07-06-0146-CV, 2008 WL 1903332, at *3–4 (Tex. App.—Amarillo
Apr. 30, 2008, no pet.) (mem. op.) (finding that flooding following heavy rains
is a permanent nuisance).  In addition, the structure creating the runoff,
Mousa’s shopping center, is a permanent structure, and such a permanent source
is presumed to result in a permanent nuisance.  See Schneider, 147
S.W.3d at 283 (stating that a permanent source is presumed to result in a
permanent nuisance but that this presumption can be rebutted by evidence that
the nuisance activity causes injury only under circumstances so rare that, even
when the activity occurs, it remains uncertain whether or to what degree the
activity may ever occur again).  We conclude that the alleged nuisance is
permanent as a matter of law.  See id. at 290–91 (finding alleged
nuisance permanent as a matter of law based on air quality problems manifesting
during wind and humidity to be permanent as matter of law).

b.      Limitations
as to Permanent Nuisance

Because the nuisance alleged is permanent, Yalamanchili’s
cause of action accrued at least in 2002, when he first discovered damage to
his plants and trees.  See Schneider, 147 S.W.3d at 270.  Yalamanchili
argues that these injuries were not substantial and that the cause of action
accrued later when he suffered greater injuries, such as the damage to his
house’s foundation.  However, “accrual occurs upon notice of injury, even if
the claimant does not yet know the full extent of damages.”  Id. at 279;
accord Tenn. Gas Transmission Co. v. Fromme, 269 S.W.2d 336, 338 (Tex.
1954) (“Respondent’s cause of action accrued at the time petitioner began
wrongfully discharging the water on the land, and not on the date when the
extent of the damages to the land were fully ascertainable.”), cited with
approval in Schneider, 147 S.W.3d at 279 n.70.

Yalamanchili argues that the discovery rule applies
to delay the accrual of his cause of action because he did not discover the
source of the problem until he hired an engineer to investigate in 2006.  The
discovery rule, which rarely applies in nuisance cases, is a very narrow
exception to the statute of limitations that tolls limitations when an injury
is both inherently undiscoverable and objectively verifiable.  See Schneider,
147 S.W.3d at 279.  The discovery rule tolls limitations only when discovery of
an injury is impossible, not when, as here, some injury is known but the full
extent of injury and cause are unknown.  See id.; Mitchell Energy
Corp. v. Bartlett, 958 S.W.2d 430, 435–36 (Tex. App.—Fort Worth 1997, pet.
denied); Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.,
866 S.W.2d 740, 743 (Tex. App.—Houston [14th Dist.] 1993, writ denied). 
Yalamanchili knew plants and trees were dying and knew he had moisture
retention problems “with every rain of any magnitude.”  Therefore, his cause of
action accrued in 2002 when he became aware of these problems, and the
discovery rule does not toll limitations on his nuisance claim.

Because Yalamanchili’s nuisance claim asserts a
permanent nuisance and the discovery rule does not toll limitations,
limitations ran on his nuisance claim by 2004, at the latest.  Therefore,
because he sued in 2006, Yalamanchili’s nuisance claim (in all respects other
than the portion in which he requests a permanent injunction, which will be
addressed below) was untimely, and the trial court did not err in granting
summary judgment.  We overrule Yalamanchili’s third through sixth issues to the
extent he argues to the contrary, and because of these conclusions, we need not
address the remaining arguments addressed in those issues.

c.      Permanent
Injunction for Nuisance

In his first issue, Yalamanchili argues that the
trial court erred in granting summary judgment and entering a final judgment
because Mousa’s summary judgment motion did not address his request for a
permanent injunction.  A judgment is final if it disposes of all parties and
all claims.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 196 (Tex. 2001).  Yalamanchili’s
petition asserted claims for nuisance and trespass, and Mousa moved for
traditional summary judgment solely based on limitations as to “all” of
Yalamanchili’s causes of action.  The trial court granted Mousa’s motion “in
all things.”  The summary judgment motion did not mention the permanent
injunction request.  Yalamanchili argues that the permanent injunction request
is a separate “claim” and that the trial court therefore erred in granting a
full summary judgment because the motion did not cover the permanent injunction
“claim.”  However, a request for a permanent injunction is not a separate claim
but merely an item of equitable relief.  See Operation Rescue-Nat’l v.
Planned Parenthood of Houston & Se. Tex., Inc., 937 S.W.2d 60, 71 (Tex.
App.—Houston [14th Dist.] 1996) (“To be entitled to permanent injunctive
relief, the plaintiffs must plead and prove a valid cause of action against the
defendants.”), aff’d as modified on other grounds, 975 S.W.2d 546 (Tex.
1998).  The only two claims in the petition are for nuisance and trespass, and
Mousa moved for and was granted summary judgment on both of these claims. 
Therefore, the trial court did not err in granting a final summary judgment on
the basis that the order granted more relief than was requested, and we
overrule Yalamanchili’s first issue.[1]

Yalamanchili argues in his second issue that even if
the trial court granted summary judgment based on limitations as to his request
for a permanent injunction, the trial court erred.  We agree.  Though the
permanent injunction request is not a separate claim that required a separate
summary judgment ground to make the order final and appealable, Mousa showed no
basis for summary judgment as to the permanent injunction request.  The sole
ground for summary judgment presented was limitations.  Limitations is not a
defense to a request to permanently abate a nuisance.  See Nugent v.
Pilgrim’s Pride Corp., 30 S.W.3d 562, 575 (Tex. App.—Texarkana 2000, pet.
denied); Jamail v. Stoneledge Condo. Owners Ass’n, 970 S.W.2d 673, 677
(Tex. App.—Austin 1998, no pet.).  Mousa did not show that his summary judgment
ground applied to Yalamanchili’s injunction request, and thus the trial court
erred in granting summary judgment on this basis.

Mousa argues that damages and permanent injunctive
relief for a permanent nuisance are mutually exclusive remedies and awarding
both creates a double recovery, citing Schneider, 147 S.W.3d at 284.  However,
Mousa did not assert that ground in his motion for summary judgment, and this
court cannot affirm summary judgment on a ground not asserted in the summary
judgment motion.  See Stiles v. Resolution Trust Corp., 867 S.W.2d 24,
26 (Tex. 1993).  Mousa also argues that Yalamanchili waived his argument that
limitations does not apply to a request to permanently abate a nuisance because
he did not make this argument to the trial court.  It was Mousa’s burden, as
movant, to establish his right to summary judgment, and the trial court cannot
properly grant summary judgment on a legally insufficient ground, even if the
non-movant fails to respond.  See City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979); Tello v. Bank One, N.A., 218 S.W.3d
109, 118–19 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  Because
limitations is an improper basis to grant summary judgment as to Yalamanchili’s
permanent injunction request, the trial court erred in granting summary
judgment on this basis, and Yalamanchili’s failure to point this out to the
trial court does not waive the issue.  See City of Houston, 589
S.W.2d at 678; Tello, 218 S.W.3d at 118–19.

The trial court erred in granting summary judgment as
to the permanent injunction portion of Yalamanchili’s nuisance claim.  We
sustain Yalamanchili’s second issue.

C.    Trespass
Claim

In his seventh issue, Yalamanchili argues that the
trial court erred in granting summary judgment based on limitations as to his
trespass claim.  Trespass to real property requires a showing of an
unauthorized physical entry onto another’s property by some person or thing.  Warwick
Towers Council of Co-Owners v. Park Warwick, L.P., 298 S.W.3d 436, 447 (Tex.
App.—Houston [14th Dist.] 2009, no pet.).  A trespass cause of action accrues upon
discovery of the first physical invasion of the thing on the plaintiff’s
property.  See Mitchell Energy, 958 S.W.2d at 436; Waddy v. City of
Houston, 834 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1992, writ
denied).  Therefore, Yalamanchili’s cause of action accrued at least in 2002
when he noticed water invading his land as a result of drainage from the nearby
shopping center.

 

Yalamanchili does not dispute this general rule but
argues it does not apply because he alleged trespass as a continuing tort.  The
continuing tort doctrine is an exception to the statute of limitations for
torts that are ongoing and continuous, creating a separate cause of action on each
occasion.  See W.W. Laubach Trust, 80 S.W.3d at 159; Mitchell Energy,
958 S.W.2d at 443.  Mousa asserts that the continuing tort doctrine does not
apply because it was not properly pleaded.  We need not decide whether it was
properly pleaded because even if it were, the continuing tort doctrine does not
apply to permanent injury to land.  See W.W. Laubach Trust, 80 S.W.3d at
159; Mitchell Energy, 958 S.W.2d at 443.  We conclude that this case
involves an alleged permanent injury to land and that, therefore, the
continuing tort doctrine does not apply.  See Mitchell Energy, 958
S.W.2d at 443.  In addition, we note that courts have used a substantially
similar analysis in addressing whether a nuisance is permanent and whether a
trespass injury is permanent such that the continuing tort doctrine does not
apply.  See Pope, 2008 WL 1903332, at *4; Mitchell Energy, 958
S.W.2d at 443.  Therefore, the trespass cause of action accrued at least by
2002 when Yalamanchili discovered moisture retention and dead plants and trees. 
Because Yalamanchili did not sue until over two years after his trespass cause
of action accrued, the trial court did not err in granting summary judgment
based on limitations.  We overrule Yalamanchili’s seventh issue.

CONCLUSION

Mousa’s summary judgment motion did not allege a
legally sufficient ground to entitle him to summary judgment as to the portion
of Yalamanchili’s nuisance claim requesting a permanent injunction.  We
therefore reverse that portion of the trial court’s judgment and remand for
further proceedings.  The remainder of Yalamanchili’s claims, i.e., his
trespass claim and the damages portion of his nuisance claim, were untimely
filed 




 

and thus barred by
limitations, and the trial court did not err in granting summary judgment as to
them.  We therefore affirm the remainder of the trial court’s judgment.

 








                                                                                    

                                                                        /s/        J.
Harvey Hudson

                                                                                    Senior
Justice

 

 

 

Panel consists of Justices Frost and
Brown and Senior Justice Hudson.*

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

* Senior Justice J. Harvey Hudson,
sitting by assignment.









[1]
Yalamanchili argues in the alternative that the trial court’s order was not in
fact final because it did not cover the permanent injunction request.  If
Yalamanchili were correct, the order would be interlocutory, and we would have
no jurisdiction.  See Lehmann, 39 S.W.3d at 195.  However, we have
concluded that the trial court’s summary judgment order is final because it
granted summary judgment on the only two claims Yalamanchili pleaded, and
therefore we have jurisdiction.