**R.R. YALAMANCHILI, Appellant**

v.

**Chayn MOUSA, Appellee.**

**No. 14–08–00491–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 2010.

Rehearing Overruled July 22, 2010.

Elizabeth M. Bruman, Houston, for appellant.

Kent Adams, Glenn Baer Huebner, Houston, for appellee.

Panel consists of Justices FROST and BROWN and Senior Justice HUDSON.*

## OPINION

J. HARVEY HUDSON, Senior Justice.

Appellant R.R. Yalamanchili appeals the trial court's order granting summary judgment on his nuisance and trespass claims against appellee Chayn Mousa. We affirm in part and reverse and remand in part.

## BACKGROUND

Mousa owns a shopping center adjacent to a residential neighborhood, and Yalamanchili owns property in that neighborhood. In the spring of 2002, Yalamanchili discovered that his yard was retaining moisture, causing his plants and trees to die. Trees continued to die over the next several years. In April 2006, Yalamanchili suffered even more plant and tree loss as well as damage to his home's foundation. He hired an engineer to investigate, and the investigation concluded that post-rain runoff water from Mousa's shopping center was the cause of his problems. When asked in his deposition how often water accumulates on his property, Yalamanchili testified that "It's predictable I believe with every rain of any magnitude."

Yalamanchili sued Mousa on April 28, 2006, asserting claims for nuisance and trespass to land and requesting damages and a permanent injunction. Mousa moved for traditional summary judgment, asserting solely that Yalamanchili's claims were barred by limitations, and the trial court granted Mousa's motion. On appeal, Yalamanchili argues the trial court erred in granting summary judgment based on limitations.

## SUMMARY JUDGMENT ON LIMITATIONS

### A. Applicable Law

The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is well established. The movant must show there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Lerner v. First Commerce Bank*, 302 S.W.3d 16, 17–18 (Tex.App.-Houston [14th Dist.] 2009, no pet.). In conducting our review, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Lerner*, 302 S.W.3d at 17–18.

To be entitled to summary judgment based on its limitations defense, the mov-

---

* Senior Justice J. Harvey Hudson, sitting by assignment.

ant must conclusively establish the date the cause of action accrued, negate the applicability of the discovery rule if applicable in the case, and prove as a matter of law that the non-movant's claim is time-barred. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Lerner*, 302 S.W.3d at 17–18. If the movant establishes that the action is barred by limitations, the non-movant must then put on proof that raises a fact issue on limitations to avoid summary judgment. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Lerner*, 302 S.W.3d at 17–18.

Yalamanchili argues that the trial court erred in granting summary judgment as to its nuisance and trespass claims based on limitations. Both nuisance and trespass claims are governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp.2009); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex.2004); *W.W. Laubach Trust v. Georgetown Corp.*, 80 S.W.3d 149, 158 (Tex.App.-Austin 2002, pet. denied). The key issue in this case is when each cause of action accrued. When a cause of action accrues is a question of law. *See Schneider*, 147 S.W.3d at 270, 274–75.

## B. Nuisance Claim

 A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Id.* at 269. When a nuisance cause of action accrues depends on whether the nuisance is temporary or permanent. *Id.* at 270. "A permanent nuisance claim accrues when the injury *first* occurs or is discovered; a temporary nuisance claim accrues *anew* upon each injury." *Id.*

### a. Temporary or Permanent Nuisance?

 The parties disagree as to whether the alleged nuisance at issue is a temporary nuisance or a permanent one. The distinction is important as it controls how the statute of limitations will be applied in this case. *See id.* The key case in analyzing whether a nuisance is temporary or permanent is *Schneider*. A permanent nuisance involves an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely. *See id.* at 272. A temporary nuisance is of a limited duration, with it being uncertain whether any future injury will occur. *See id.*

Yalamanchili argues that the alleged nuisance is temporary solely because the runoff from Mousa's shopping center occurs only during heavy rainfall and rainfall is by nature sporadic and unpredictable. We disagree. Yalamanchili's petition states that "[t]his re-occurring unabated water dumping is a permanent nuisance," and his undisputed testimony established that water infiltrated his property "with every rain of any magnitude" for many years. This is sufficient to establish a permanent nuisance. As the Texas Supreme Court stated in *Schneider*,

> Generally, if a nuisance occurs at least a few times a year and appears likely to continue, property values will begin to reflect that impact, and jurors should be able to evaluate it with reasonable certainty. Even if a nuisance causes annoyance only during certain weather conditions or certain months, annual experience should provide a sufficient basis for evaluating the nuisance. Absent evidence that current experiences are unrepresentative or about to change, such nuisances should be considered "permanent" as a matter of law.

> . . . .

[W]e hold that a nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to the filing and trial that future injury cannot be estimated with reasonable certainty. Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.

*Schneider,* 147 S.W.3d at 280–81; *see also Mitchell v. Timmerman,* No. 03–08–00320–CV, 2008 WL 5423268, at *6 (Tex. App.-Austin Dec. 31, 2008, no pet.) (mem. op.) (holding that flooding from every significant rain is permanent nuisance); *Pope v. John Kiella Homes,* No. 07–06–0146–CV, 2008 WL 1903332, at *3–4 (Tex.App.-Amarillo Apr. 30, 2008, no pet.) (mem. op.) (finding that flooding following heavy rains is a permanent nuisance). In addition, the structure creating the runoff, Mousa's shopping center, is a permanent structure, and such a permanent source is presumed to result in a permanent nuisance. *See Schneider,* 147 S.W.3d at 283 (stating that a permanent source is presumed to result in a permanent nuisance but that this presumption can be rebutted by evidence that the nuisance activity causes injury only under circumstances so rare that, even when the activity occurs, it remains uncertain whether or to what degree the activity may ever occur again). We conclude that the alleged nuisance is permanent as a matter of law. *See id.* at 290–91 (finding alleged nuisance permanent as a matter of law based on air quality problems manifesting during wind and humidity to be permanent as matter of law).

### b. Limitations as to Permanent Nuisance

 Because the nuisance alleged is permanent, Yalamanchili's cause of action accrued at least in 2002, when he first discovered damage to his plants and trees. *See Schneider,* 147 S.W.3d at 270. Yalamanchili argues that these injuries were not substantial and that the cause of action accrued later when he suffered greater injuries, such as the damage to his house's foundation. However, "accrual occurs upon notice of injury, even if the claimant does not yet know the full extent of damages." *Id.* at 279; *accord Tenn. Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336, 338 (1954) ("Respondent's cause of action accrued at the time petitioner began wrongfully discharging the water on the land, and not on the date when the extent of the damages to the land were fully ascertainable."), *cited with approval in Schneider,* 147 S.W.3d at 279 n. 70.

 Yalamanchili argues that the discovery rule applies to delay the accrual of his cause of action because he did not discover the source of the problem until he hired an engineer to investigate in 2006. The discovery rule, which rarely applies in nuisance cases, is a very narrow exception to the statute of limitations that tolls limitations when an injury is both inherently undiscoverable and objectively verifiable. *See Schneider,* 147 S.W.3d at 279. The discovery rule tolls limitations only when discovery of an injury is impossible, not when, as here, some injury is known but the full extent of injury and cause are unknown. *See id.; Mitchell Energy Corp. v. Bartlett,* 958 S.W.2d 430, 435–36 (Tex. App.-Fort Worth 1997, pet. denied); *Bayou Bend Towers Council of Co–Owners v. Manhattan Constr. Co.,* 866 S.W.2d 740, 743 (Tex.App.-Houston [14th Dist.] 1993, writ denied). Yalamanchili knew plants and trees were dying and knew he had moisture retention problems "with every rain of any magnitude." Therefore, his cause of action accrued in 2002 when he became aware of these problems, and the

discovery rule does not toll limitations on his nuisance claim.

Because Yalamanchili's nuisance claim asserts a permanent nuisance and the discovery rule does not toll limitations, limitations ran on his nuisance claim by 2004, at the latest. Therefore, because he sued in 2006, Yalamanchili's nuisance claim (in all respects other than the portion in which he requests a permanent injunction, which will be addressed below) was untimely, and the trial court did not err in granting summary judgment. We overrule Yalamanchili's third through sixth issues to the extent he argues to the contrary, and because of these conclusions, we need not address the remaining arguments addressed in those issues.

### c. Permanent Injunction for Nuisance

■■■■ In his first issue, Yalamanchili argues that the trial court erred in granting summary judgment and entering a final judgment because Mousa's summary judgment motion did not address his request for a permanent injunction. A judgment is final if it disposes of all parties and all claims. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 196 (Tex.2001). Yalamanchili's petition asserted claims for nuisance and trespass, and Mousa moved for traditional summary judgment solely based on limitations as to "all" of Yalamanchili's causes of action. The trial court granted Mousa's motion "in all things." The summary judgment motion did not mention the permanent injunction request. Yalamanchili argues that the permanent injunction request is a separate "claim" and that the trial court therefore erred in granting a full summary judgment because

the motion did not cover the permanent injunction "claim." However, a request for a permanent injunction is not a separate claim but merely an item of equitable relief. *See Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 71 (Tex.App.-Houston [14th Dist.] 1996) ("To be entitled to permanent injunctive relief, the plaintiffs must plead and prove a valid cause of action against the defendants."), *aff'd as modified on other grounds*, 975 S.W.2d 546 (Tex.1998). The only two claims in the petition are for nuisance and trespass, and Mousa moved for and was granted summary judgment on both of these claims. Therefore, the trial court did not err in granting a final summary judgment on the basis that the order granted more relief than was requested, and we overrule Yalamanchili's first issue.[1]

■■■■ Yalamanchili argues in his second issue that even if the trial court granted summary judgment based on limitations as to his request for a permanent injunction, the trial court erred. We agree. Though the permanent injunction request is not a separate claim that required a separate summary judgment ground to make the order final and appealable, Mousa showed no basis for summary judgment as to the permanent injunction request. The sole ground for summary judgment presented was limitations. Limitations is not a defense to a request to permanently abate a nuisance. *See Nugent v. Pilgrim's Pride Corp.*, 30 S.W.3d 562, 575 (Tex.App.-Texarkana 2000, pet. denied); *Jamail v. Stoneledge Condo. Owners Ass'n*, 970 S.W.2d 673, 677 (Tex.App.-Austin 1998, no

---

1. Yalamanchili argues in the alternative that the trial court's order was not in fact final because it did not cover the permanent injunction request. If Yalamanchili were correct, the order would be interlocutory, and we would have no jurisdiction. *See Lehmann,* 39 S.W.3d at 195. However, we have concluded that the trial court's summary judgment order is final because it granted summary judgment on the only two claims Yalamanchili pleaded, and therefore we have jurisdiction.

pet.). Mousa did not show that his summary judgment ground applied to Yalamanchili's injunction request, and thus the trial court erred in granting summary judgment on this basis.

Mousa argues that damages and permanent injunctive relief for a permanent nuisance are mutually exclusive remedies and awarding both creates a double recovery, citing *Schneider*, 147 S.W.3d at 284. However, Mousa did not assert that ground in his motion for summary judgment, and this court cannot affirm summary judgment on a ground not asserted in the summary judgment motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993). Mousa also argues that Yalamanchili waived his argument that limitations does not apply to a request to permanently abate a nuisance because he did not make this argument to the trial court. It was Mousa's burden, as movant, to establish his right to summary judgment, and the trial court cannot properly grant summary judgment on a legally insufficient ground, even if the non-movant fails to respond. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118–19 (Tex.App.-Houston [14th Dist.] 2007, no pet.). Because limitations is an improper basis to grant summary judgment as to Yalamanchili's permanent injunction request, the trial court erred in granting summary judgment on this basis, and Yalamanchili's failure to point this out to the trial court does not waive the issue. *See City of Houston*, 589 S.W.2d at 678; *Tello*, 218 S.W.3d at 118–19.

The trial court erred in granting summary judgment as to the permanent injunction portion of Yalamanchili's nuisance claim. We sustain Yalamanchili's second issue.

## C. Trespass Claim

In his seventh issue, Yalamanchili argues that the trial court erred in granting summary judgment based on limitations as to his trespass claim. Trespass to real property requires a showing of an unauthorized physical entry onto another's property by some person or thing. *Warwick Towers Council of Co–Owners v. Park Warwick, L.P.*, 298 S.W.3d 436, 447 (Tex.App.-Houston [14th Dist.] 2009, no pet.). A trespass cause of action accrues upon discovery of the first physical invasion of the thing on the plaintiff's property. *See Mitchell Energy*, 958 S.W.2d at 436; *Waddy v. City of Houston*, 834 S.W.2d 97, 102 (Tex.App.-Houston [1st Dist.] 1992, writ denied). Therefore, Yalamanchili's cause of action accrued at least in 2002 when he noticed water invading his land as a result of drainage from the nearby shopping center.

Yalamanchili does not dispute this general rule but argues it does not apply because he alleged trespass as a continuing tort. The continuing tort doctrine is an exception to the statute of limitations for torts that are ongoing and continuous, creating a separate cause of action on each occasion. *See W.W. Laubach Trust*, 80 S.W.3d at 159; *Mitchell Energy*, 958 S.W.2d at 443. Mousa asserts that the continuing tort doctrine does not apply because it was not properly pleaded. We need not decide whether it was properly pleaded because even if it were, the continuing tort doctrine does not apply to permanent injury to land. *See W.W. Laubach Trust*, 80 S.W.3d at 159; *Mitchell Energy*, 958 S.W.2d at 443. We conclude that this case involves an alleged permanent injury to land and that, therefore, the continuing tort doctrine does not apply. *See Mitchell Energy*, 958 S.W.2d at 443. In addition, we note that courts have used a substantially similar analysis in addressing whether a nuisance is permanent and whether a trespass injury is permanent

such that the continuing tort doctrine does not apply. *See Pope*, 2008 WL 1903332, at *4; *Mitchell Energy*, 958 S.W.2d at 443. Therefore, the trespass cause of action accrued at least by 2002 when Yalamanchili discovered moisture retention and dead plants and trees. Because Yalamanchili did not sue until over two years after his trespass cause of action accrued, the trial court did not err in granting summary judgment based on limitations. We overrule Yalamanchili's seventh issue.

## CONCLUSION

Mousa's summary judgment motion did not allege a legally sufficient ground to entitle him to summary judgment as to the portion of Yalamanchili's nuisance claim requesting a permanent injunction. We therefore reverse that portion of the trial court's judgment and remand for further proceedings. The remainder of Yalamanchili's claims, i.e., his trespass claim and the damages portion of his nuisance claim, were untimely filed and thus barred by limitations, and the trial court did not err in granting summary judgment as to them. We therefore affirm the remainder of the trial court's judgment.