Affirmed and Memorandum Opinion filed May 3, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00297-CV



 

Joyce A. Butler, Appellant

V.

Lowe’s Home CenterS, Inc., Appellee

 



On Appeal from the 80th District
Court

Harris County, Texas

Trial Court Cause No. 2009-52835A



 

MEMORANDUM  OPINION

 

Joyce A. Butler sued Lowe’s Home Centers, Inc.
seeking damages and declaratory and injunctive relief after a fence was
installed on Butler’s real property without her permission.  Butler appeals the
trial court’s summary judgment in favor of Lowe’s.  We affirm.

BACKGROUND

Butler and her neighbors, the McClains, share a
property boundary.  Butler alleges that the McClains purchased fence materials
from Lowe’s, which recommended a contractor, Aries Fence Company.  Aries
installed the fence on Butler’s side of the property boundary without her
permission on February 23, 2007.  Butler alleges that the fence trespasses on
her property and a 16-foot utility easement between the two properties.  

Butler sued the McClains, Lowe’s, and Aries Fence
company for (1) damages caused by the failure to flag underground utilities in
the easement to prevent damage to the utility lines; and (2) fees and charges
associated with limited access to the utility equipment.  She complains that the
fence installation caused a strip of trees, seedlings, and landscaping material
to be removed from her property, and alleges that the “trespass and
encroachment” has caused her pain and suffering.[1] 
Butler also requested declaratory relief and an injunction to force the
McClains to remove the fence.

Lowe’s filed a motion for summary judgment, arguing
that Butler’s claims against it are barred by limitations.  Butler failed to
respond to the motion, and the trial court granted summary judgment in favor of
Lowe’s on January 15, 2010.  Lowe’s filed a motion to sever Butler’s claims
against Lowe’s, which the trial court granted.  The severance order made the
summary judgment on Butler’s claims against Lowe’s final, and Butler filed a
timely notice of appeal.

In her two issues on appeal, Butler argues that the
trial court erred in granting summary judgment because the continuing tort
doctrine applies as a matter of law to toll the statute of limitations on her
claims against Lowe’s.

ANALYSIS

An appellate court applies de novo review to a
grant of a traditional motion for summary judgment, using the same standard
that the trial court used in the first instance.   Duerr v. Brown, 262
S.W.3d 63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005)).  The movant
must show that no genuine issue of material fact exists and that the movant is
entitled to judgment as a matter of law.  Wright v. Greenberg, 2 S.W.3d
666, 670 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985)).  If the movant
satisfies this burden, then the burden shifts to the non-movant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).  In determining whether a
material fact issue exists to preclude summary judgment, evidence favoring the
non-movant is taken as true, and all reasonable inferences are indulged in
favor of the non-movant.  Id.

I.         Statute of
Limitations

            In order to
establish a limitations defense in its summary judgment motion, Lowe’s was
required to (1) establish the date on which Butler’s causes of action accrued;
(2) negate the discovery rule, if applicable in the case; and (3) prove as a
matter of law that Butler’s claim is time-barred.  See Yalamanchili v. Mousa,
316 S.W.3d 33, 36–37 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  

Butler does not dispute that the two-year statute of
limitations applies to her negligence and trespass claims against Lowe’s.  See
Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002).  Butler also does
not dispute that she discovered that the fence had been erected on her property
— and that trees, seedlings, and other landscaping material allegedly had been
destroyed — on February 23, 2007.  See Yalamanchili, 316 S.W.3d at 40
(“A trespass cause of action accrues upon discovery of the first physical
invasion of the thing on the plaintiff’s property.”); Deloitte & Touche
v. Weller, 976 S.W.2d 212, 215 (Tex. App.—Amarillo 1998, writ denied) (negligence
action accrues when tort committed and plaintiff suffers damages).  Lowe’s
argued in its motion for summary judgment that Butler’s claims are barred by
limitations because she did not file suit until August 19, 2009.  We hold that
Lowe’s established its limitations defense as a matter of law.  See
Yalamanchili, 316 S.W.3d at 36–37.

II.        Avoidance of
the Statute of Limitations

Butler argues on appeal that Lowe’s limitations
defense fails because the continuing tort rule applies to her claims and defers
the accrual date until well within the statute of limitations.  See
Markwardt v. Tex. Indus., Inc., 325 S.W.3d 876, 893 (Tex. App.—Houston
[14th Dist.] 2010, no pet.) (“[A] continuing tort is an ongoing wrong causing a
continuing injury [that] does not accrue until the tortious act ceases.”).

A party seeking to avail itself of a rule in
avoidance of limitations ordinarily must plead its theory of avoidance in its
original petition or in an amended or supplemental petition.  See Woods v.
William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988) (“A defendant who
has established that the suit is barred cannot be expected to anticipate the
plaintiff’s defenses to that bar.  A matter in avoidance of the statute of
limitations that is not raised affirmatively by the pleadings will, therefore,
be deemed waived.”).  

However, this rule is triggered when a defendant pleads
limitations as a defense.  See id.  (“A party seeking to avail itself of
the discovery rule must therefore plead the rule . . . in response to the
defendant’s assertion of the defense as a matter in avoidance.”); see also
Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991) (“A
party relying on an affirmative defense must specifically plead the defense . .
. .”).  Lowe’s did not plead a limitations defense in its original answer.

Lowe’s pleading defect alone would not justify
reversal of the summary judgment based on its defense of limitations under
these circumstances.  See Roark, 813 S.W.2d at 495 (“If the non-movant
does not object to a variance between the motion for summary judgment and the
movant’s pleadings [regarding an affirmative defense], it would advance no
compelling interest of the parties or of our legal system to reverse a summary
judgment simply because of a pleading defect.”).  Similarly, Butler’s failure
to plead a matter in avoidance of a statute of limitations would not have resulted
in waiver of the issue if Butler had nonetheless raised it in an unobjected-to
response to Lowe’s summary judgment limitations defense.  See Krohn v.
Marcus Cable Assocs., L.P., 201 S.W.3d 876, 880 (Tex. App.—Waco 2006, pet.
denied) (“[I]f a plaintiff asserts the discovery rule in response to a summary
judgment motion raising the statute of limitations, even though the discovery
rule has not been pleaded in the plaintiff’s petition, the parties will be
deemed to have tried the issue by consent unless the defendant objects . . .
.”).  

Butler failed to raise such an issue in her pleadings
or in a response to the summary judgment motion.[2] 
The trial court therefore did not err in ruling that Lowe’s conclusively
established its entitlement to summary judgment based on its limitations
defense.  See Woods, 769 S.W.2d at 518.[3] 
We need not decide whether the trial court could have concluded that the
continuing tort rule applied if Butler had raised it in avoidance of the
limitations defense.  

CONCLUSION

We overrule both Butler’s issues, and we affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

 









[1]
Butler also sued the New Property Owner’s Association of Newport, Inc. and
Houston Community Management Services for, among other things, failing to
enforce deed restrictions against unauthorized fence-building.





[2]
We do not agree with Butler that allegations in her live pleading — that she is
incurring “on-going” damages due to the “on-going” nature of the trespass since
the fence’s installation — are sufficient to give Lowe’s fair and adequate
notice that she intended to raise the continuing tort rule to avoid the
limitations defense.





[3]
As we have noted in the past, at least one court has suggested that the
continuing tort doctrine is an exception to the statute of limitations on which
a party must come forward with proof raising an issue of fact in response to a
summary judgment motion asserting limitations as a defense.  See Markwardt,
325 S.W.3d at 894 n.10 (citing Palombo v. Sw. Airlines Co., No. 04-05-00825-CV,
2006 WL 1993783, at *2, *4 (Tex. App.—San Antonio Jul. 19, 2006, pet. denied)
(mem. op.)).  We express no opinion as to whether Lowe’s would have had the
burden to negate the continuing tort doctrine in its summary judgment motion if
Butler had raised the issue in her pleadings or response, or if Butler would
have been required to come forward with proof raising an issue of genuine,
material fact on the issue as non-movant.  See, e.g., Walker, 924
S.W.2d at 377.  Because she did neither, the trial court’s summary judgment was
proper.