# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00463-CV

**AETC II Privatized Housing, LLC, Appellant**

**v.**

**Tom Green County Appraisal District, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
### NO. D-10-0377-C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

AETC II Privatized Housing, LLC (AETC) appeals the trial court's judgment granting the motion for summary judgment of Tom Green County Appraisal District (the Appraisal District) and denying AETC's competing motion. AETC sought an exemption from property taxes on certain improvements, the Appraisal District's Review Board denied the exemption, and AETC appealed to the district court. For the reasons that follow, we affirm the district court's judgment.

## BACKGROUND

AETC provides multi-family housing for United States Military personnel and their families under the Military Housing Privatization Initiative (MHPI), which is aimed at attracting private capital and expertise to build much needed military family housing in a quick and cost effective manner. *See* 10 U.S.C. §§ 2871–85. AETC is a public-private venture, formed as a Delaware limited liability company, in which the U.S. owns 49% as an investor member. In 2007,

the parties entered into a ground lease whereby, for a nominal amount, the Air Force leased to AETC for fifty years a tract of land adjacent to Goodfellow Air Force Base located in Tom Green County, Texas (Tract G). The U.S. acquired Tract G by warranty deed from the city of San Angelo, and jurisdiction over the tract has not been ceded to the U.S. by the state. *See Adams v. Calvert*, 396 S.W.2d 948, 950 (Tex. 1965) (extent of jurisdiction reserved to state over lands acquired by U.S. determined by deed of cession). The Air Force conveyed title to the improvements on Tract G to AETC by quitclaim deed. The agreements called for AETC to renovate existing housing units, construct additional units, and operate and manage the units as rental property for Goodfellow personnel and their families. Beginning in 2010, the Appraisal District issued an appraised value for the improvements on Tract G. AETC filed a protest with the Tom Green County Appraisal Review Board challenging the valuation and seeking an exemption for the improvements as property owned by the U.S.[1] The review board upheld the appraisals, and AETC appealed to the district court. The parties reached a settlement concerning valuation and filed competing motions for summary judgment on the issue of exemption. The trial court denied AETC's motion and granted the Appraisal District's motion. This appeal followed.

---

[1] In its live petition, AETC sought only a partial exemption, presumably based on the U.S.'s 49% ownership interest in AETC. The Appraisal District objected to AETC's summary judgment argument and evidence to the extent AETC sought full exemption in its motion for summary judgment. Because we conclude AETC did not meet its burden of establishing exemption of the improvements, we do not reach the issue of whether the improvements would be entitled to a partial or full exemption. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

**STANDARD OF REVIEW**

We review a trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Abbott v. Dallas Area Rapid Transit*, 410 S.W.3d 876, 879 (Tex. App.—Austin 2013, no pet.). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

We must consider all summary judgment grounds that the trial court expressly ruled on, and in the interest of judicial economy, may consider other grounds preserved for review that the trial court did not rule on. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 624, 626 (Tex. 1996). We must affirm the grant of a summary judgment if any of the summary judgment grounds are meritorious. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *Knott*, 128 S.W.3d at 216. We may not uphold a summary judgment on a ground not asserted in the summary judgment motion. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.

1993); *Yalamanchili v. Mousa*, 316 S.W.3d 33, 40 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). If we determine that a fact issue precludes summary judgment for either party, we remand the cause for trial. *See University of Tex. Health Sci. Ctr. of Hous. v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792, 792 (Tex. 1987).

## DISCUSSION

The powers a state may exercise over land within its boundaries that has been acquired by the U.S. for use as a military base are governed by Article I, Section 8, Clause 17 of the United States Constitution, which provides generally for exclusive federal jurisdiction with state consent. *See* U.S. Const. art. I, § 8, cl.17; *Adams*, 396 S.W.2d at 949. Once a state cedes exclusive jurisdiction to the U.S. by deed of cession, "only those state and local taxes authorized by the Buck Act, 4 U.S.C. §§ 104–110, [not including ad valorem taxes] may be levied against property in the Federal enclave." *Adams*, 396 S.W.2d at 951. It is undisputed that Tract G was not ceded to the U.S. by the State of Texas so as to give the U.S. exclusive jurisdiction. The Texas Supreme Court has held that privately owned property on non-ceded federal land is taxable. *See id.* at 950–51 (concluding that because Texas Civil Statutes articles 5242 and 5247 give legislative consent to U.S. to acquire Texas lands but deny exclusive jurisdiction unless land is ceded, privately owned personal property located on land was subject to taxation from date U.S. acquired lands until deed of cession); *cf. Board of Equalization of the City & Indep. Sch. Dist. of Fort Worth v. General Dynamics Corp.*, 344 S.W.2d 489, 492 (Tex. Civ. App.—Fort Worth 1961, writ ref'd n.r.e.) (looking to federal law to resolve question of extent of jurisdiction ceded by state, concluding amendment to Texas Civil Statutes article 5248 providing private personal property on lands owned by U.S. was subject to

4

taxation could not be construed to *recapture* ceded jurisdiction, and holding private property on ceded U.S. land not taxable). The issue of whether the improvements on Tract G are taxable therefore depends on whether they are privately or publicly owned. We turn, then, to whether either party established as a matter of law whether the improvements are publicly or privately owned.

**AETC's Motion for Summary Judgment**

AETC asserted four grounds for summary judgment. Its first ground was that private personal property located on ceded land is not subject to the ad valorem taxes at issue. While that appears to be true, *see Adams*, 396 S.W.2d at 951 (once exclusive jurisdiction was ceded, only state and local taxes authorized by Buck Act may be levied against private property in federal enclave), it is irrelevant here, where it is undisputed that Tract G is not ceded. AETC's second ground for summary judgment was that the provisions of the MHPI under which the parties entered into the lease do not waive sovereign immunity. However, it appears that this argument is based on the premise of immunity resulting from the state's cession of jurisdiction, which has not occurred as to Tract G. Consequently, there is no governmental immunity arising from exclusive jurisdiction and no possible waiver of such immunity. As its third ground, AETC argued that the so-called lease between the parties is actually nothing more than a license, which is not a taxable interest. This argument appears to be based on the premise that leaseholds are taxable while licenses are not—a premise that is irrelevant here because the lease in question concerns the land, not the improvements conveyed by quitclaim deed, the taxation of which is at issue in this case.

5

In its last ground for summary judgment, AETC argued that the U.S. holds equitable title to the improvements. The facts AETC asserted in support of its contention that the U.S. holds equitable title to the improvements were:

1. Of the three entities who formed AETC, the United States of America's initial capital contribution was more than 96% of the total initial capital contributions made.

2. Of the three entities who formed AETC, the United States of America's percentage interest in AETC is 49%.

3. The Lease is for a period of 50 years.

4. The Base Rent as defined by the Lease is $1.00.

5. At the end of the lease term either AETC shall remove the Leased Premises Improvements (Military Housing) or the United States will retain the improvements.

Equitable title is the present right to compel legal title. *AHF-Arbors at Huntsville I, LLC v. Walker Cnty. Appraisal Dist.*, 410 S.W.3d 831, 837 (Tex. 2012); *Harris Cnty. Appraisal Dist. v. Primrose Houston 7 Hous., L.P.*, 238 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). A party may have equitable title if its right to compel legal title is entirely within its control. *See, e.g.*, *TRQ Captain's Landing L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 737 (Tex. App.—Houston [1st Dist.] 2006, *aff'd*, 423 S.W.3d 374 (Tex. 2014)) (where tax exempt entity could dissolve subsidiary at any time and articles of organization provided assets reverted to tax exempt entity upon dissolution, tax exempt entity had present right to compel legal title). Here, however, even assuming all of AETC's asserted facts are true, they do not establish as a matter of law that the U.S. has the present right to compel legal title. *See AHF-Arbors*, 410 S.W.3d at 837; *City of Garland*, 22 S.W.3d at 356.

6

As a final matter regarding AETC's motion for summary judgment, we briefly address the parties' arguments in briefing and at oral argument concerning whether AETC is an instrumentality of the U.S. with regard to the privatized housing initiative. It is well established that a state may not tax the United States directly. *United States v. New Mexico*, 455 U.S. 720, 733 (1982). Immunity from taxation has also been extended to "agenc[ies] or instrumentalit[ies] so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *California State Bd. of Equalization v. Sierra Summit, Inc.*, 490 U.S. 844, 849 (1989) (quoting *New Mexico*, 455 U.S. at 735).

On appeal the parties join issue on whether AETC is an instrumentality of the U.S. so as to make the improvements to which it holds legal title and which it manages and operates immune from taxation. However, AETC did not assert its federal instrumentality status as a ground for summary judgment. We cannot uphold a summary judgment on a ground not asserted in the summary judgment motion. *See Stiles*, 867 S.W.2d at 26 (motion for summary judgment must stand or fall on grounds expressly presented in motion); *Oleksy v. Farmers Ins. Exch.*, 410 S.W.3d 378, 384–85 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (where motion for summary judgment in insurance coverage case was based on applicability of recreational vehicle exception and arguments were based on Texas motor vehicle registration laws, appellate court could not reverse judgment based on arguments made for first time on appeal based on New York vehicle and traffic laws); *Yalamanchili*, 316 S.W.3d at 40; *Centerpointe Living @ Austin, L.P. v. Morrell Masonry Supply, Inc.*, No. 14-09-00941-CV, 2011 Tex. App. LEXIS 1040, at * 8 n.1 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, no pet.) (mem. op.) (declining to address arguments made on appeal that

7

were not raised in summary judgment proceeding).  We therefore conclude that AETC did not meet its summary judgment burden of establishing that the improvements are exempt from ad valorem taxes and the trial court did not err in denying its motion.

**The Appraisal District's Motion for Summary Judgment**

In its motion for summary judgment, the Appraisal District asserted four grounds. As its third ground for summary judgment, the Appraisal District asserted that the U.S.'s participation in AETC does not convey government ownership because under the law applicable to limited liability companies, members have no ownership in property owned by the LLC.  The Appraisal District's summary judgment evidence showed that AETC was formed under Delaware law, which provides that "[a] limited liability company interest is personal property.  A member has no interest in specific limited liability company property."  Del. Code tit. 6 § 18-701; *see* Tex. Bus. Orgs. Code §101.106(b) ("A member of a limited liability company . . . does not have an interest in any specific property of the company.").  Thus, the Appraisal District met its summary judgment burden to show that the United States, as a member of the LLC, has no interest in the personal property owned by the LLC, including the improvements at issue, and the burden shifted to AETC to produce evidence raising a fact issue.  *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 517 (Tex. 2014); *see* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16.  AETC did not produce summary judgment evidence to raise a fact issue as to governmental ownership. Therefore, we conclude that the trial court did not err in granting the Appraisal District's motion for summary judgment.

8

**CONCLUSION**

Because we conclude that the trial court did not err in denying AETC's motion for summary judgment or in granting the Appraisal District's motion for summary judgment, we affirm the trial court's judgment.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 24, 2015

9