ACCEPTED
05-15-00834-cv
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/16/2015 3:57:56 PM
LISA MATZ
CLERK

NO. 05-15-00834-CV

_____

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/16/2015 3:57:56 PM
LISA MATZ
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

_____

JOHN BRIGGS,

Appellant,

v.

WASHINGTON FEDERAL,

Appellee.

_____

Appeal from the 162nd Judicial District, Dallas County, Texas
Cause No. DC-14-08367
Hon. Phyllis Lister Brown, Presiding

_____

**BRIEF OF APPELLEE WASHINGTON FEDERAL**

_____

BRITTANI WILMORE ROLLEN
State Bar No. 24036046
*brollen@mcdonaldlaw.com*
RUSSELL A. DEVENPORT
State Bar No. 24007109
*rdevenport@mcdonaldlaw.com*
KATHY M. KASSABIAN
State Bar No. 24077807
*kkassabian@mcdonaldlaw.com*
**MCDONALD SANDERS, P.C.**
777 Main Street, Suite 1300
Fort Worth, Texas 76102
Telephone: 817-336-8651
Facsimile: 817-334-0271

# IDENTIFICATION OF PARTIES AND COUNSEL

Appellant is:

JOHN DAVID BRIGGS                                    PRO SE
P.O. Box 360686
Dallas, Texas 75336
(214) 683-4887

Appellee is represented in this matter by:

BRITTANI WILMORE ROLLEN                   APPELLATE COUNSEL
State Bar No. 24036046
RUSSELL A. DEVENPORT                        TRIAL AND APPELLATE COUNSEL
State Bar No. 24007109
KATHY M. KASSABIAN                          TRIAL AND APPELLATE COUNSEL
State Bar No. 24077807
McDONALD SANDERS,
*A Professional Corporation*
777 Main Street, Suite 1300
Fort Worth, Texas  76102
Telephone:  (817) 336-8651
Facsimile:   (817) 334-0271

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES AND COUNSEL — I

TABLE OF CONTENTS — II

INDEX OF AUTHORITIES — IV

RECORD REFERENCES — V

STATEMENT OF THE CASE — VI

ISSUES PRESENTED — VII

INTRODUCTION — 1

STATEMENT OF FACTS — 1

    Note Default and Foreclosure — 1

    Forcible Detainer Action — 4

    Briggs's Motion to Vacate — 5

    John Briggs's First Bankruptcy — 5

    Frances Briggs's Bankruptcy — 6

    John Briggs's Second Bankruptcy — 6

    Lawsuit Against Bankruptcy Court — 6

    John Briggs's Bill of Review — 7

    Renewed Writ of Possession — 7

    Unserved Action in 162nd District Court — 7

    First Eviction Attempt and Samuel Gross's Bankruptcy — 8

    Johnathon David's Bankruptcy — 9

    Franesha's Bankruptcy — 9

    Finding of Bad Faith and Abuse — 10

    Second Eviction Attempt and Subsequent Re-Entry — 10

    Washington Federal Files Instant Suit — 11

    Unserved Action in 14th District Court — 11

    All Three Open Cases are Consolidated — 12

    Final Judgment entered — 12

Defendants Held in Contempt .................................... 13

Defendants Apply for a TRO ................................... 14

Briggs Files a Second Appeal ................................. 14

Briggs Vacate Property .......................................... 15

SUMMARY OF THE ARGUMENT .......................... 16

ARGUMENT ............................................................. 17

I.   The trial court properly granted summary judgment in favor of Washington Federal. ......................................... 19

    A.   Washington Federal conclusively established each element of declaratory judgment. ...........................20

    B.   Washington Federal conclusively established each element of trespass. ............................................22

    C.   Washington Federal conclusively established each element of injunctive relief. ....................................24

    D.   Washington Federal conclusively negated an element of each possible counterclaim alleged by John Briggs....................27

II.  Conclusion ........................................................... 29

PRAYER FOR RELIEF ............................................. 29

CERTIFICATE OF SERVICE ................................... 31

CERTIFICATE OF COMPLIANCE .......................... 32

APPENDIX TO BRIEF OF APPELLEE WASHINGTON FEDERAL ............ 33

# INDEX OF AUTHORITIES

## Cases

*Anderson v. McCrae*,
495 S.W.2d 351, 356 (Tex. Civ. App.—Texarkana 1973, no writ)....................21

*Bates v. Kingspark & Whitehall Civic Imp. Ass'n*,
01-11-00487-CV, 2012 WL 1564309, at *5 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.)(not designated for publication)........................................25

*Brownlee v. Brownlee,*
665 S.W.2d 111 (Tex.1984) .................................................................................19

*Coinmach Corp. v. Aspenwood Apartment Corp.*,
417 S.W.3d 909, 920 (Tex. 2013) ................................................................. 22-23

*Dyegard Land P'ship v. Hoover*,
39 S.W.3d 300 (Tex. App.—Fort Worth 2001, no pet.) ......................................19

*Jim Rutherford Investments, Inc. v. Terramar Beach Cmty. Ass'n*,
25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000,
pet. denied) ................................................................................. 19, 24, 25, 26

*Letkeman v. Reyes*,
299 S.W.3d 482, 486 (Tex. App.—Amarillo 2009, no pet.)................................26

*Nail v. Thompson*,
806 S.W.2d 599 (Tex. App.—Fort Worth 1991, no writ)...................................21

*O'Keefe v. Phelan*,
No.14-00-01194-CV, 2001 Tex. App. LEXIS 2591 at *7, 2001 WL 395307 (Tex. App.—Houston [14th Dist.] Apr. 19, 2001, no pet.) ..................................19

*Union v. Wal-Mart Stores, Inc.*,
430 S.W.3d 508, 512 (Tex. App.—Fort Worth 2014, no pet.) ...........................25

*Withem v. Deison*,
09-08-00467-CV, 2009 WL 2045322, at *2 (Tex. App.—Beaumont July 16, 2009, no pet.) ........................................................................................................25

*Yalamanchili v. Mousa*,
316 S.W.3d 33, 40 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) .... 25-26

## Statutes

Tex. Civ. Prac. & Rem. Code § 37.002 ................................................................21
Tex. Civ. Prac. & Rem. Code § 37.004 ................................................................21

## Rules

Tex. R. Civ. P. 166a. ............................................................................................19
Tex. R. Civ. P. 510.9(a) .......................................................................................17

**RECORD REFERENCES**

The Clerk's Record will be cited by the abbreviation "C.R." followed by the page number (e.g., C.R.1). The Supplemental Clerk's Record will be cited by the abbreviation "Supp.C.R." followed by the page number (e.g., Supp.C.R.1). Appellant's Brief will be cited as "Appellant's Br." followed by the page number (e.g., "Appellant's Br. 1").

## STATEMENT OF THE CASE

In 2009, Washington Federal provided a mortgage to John Briggs and his then-wife Frances Briggs. In 2013, the Briggs defaulted on the note, and Washington Federal instituted forcible detainer proceedings. Washington Federal attempted to evict the Briggs from the Property in two separate eviction proceedings. When that proved unsuccessful, Washington Federal filed the instant lawsuit against John Briggs and the other residents of the Property seeking (i) a declaratory judgment regarding the ownership of the Property; (ii) monetary damages for Defendants' continuing trespass; and (iii) an injunction ordering Defendants to cease trespassing on the Property and from interfering with its use and quiet enjoyment of the Property. [C.R.4-19.]

Because Washington Federal could conclusively establish its right to a declaratory judgment, permanent injunction, and damages for trespass, Washington Federal filed a traditional motion for summary judgment. [Supp.C.R.30-235.] After a hearing, the district court granted Washington Federal's motion and entered a Final Judgment in its favor on July 6, 2015. [C.R.39-44.] John Briggs filed this appeal on July 9, 2015. [C.R.66.] None of the other Defendants appealed the Final Judgment.

# ISSUES PRESENTED

I.  Whether the trial court properly granted summary judgment in favor of Washington Federal.

   A. Washington Federal conclusively established the elements of its claim for declaratory judgment.

   B. Washington Federal conclusively established the elements of its claim for trespass.

   C. Washington Federal conclusively established the elements of its claim for injunctive relief.

   D. Washington Federal conclusively negated an element of all possible counterclaims alleged by John Briggs.

## INTRODUCTION

The facts and procedural history of this case are tortuous and exasperating. Washington Federal has tried to recover possession of the Property at issue from John and Frances Briggs, together with their various friends and family, since 2013. The Briggs have raised every conceivable defense – and even created a few of their own imagination. After years in the legal system, Washington Federal finally gained possession of the Property and a Final Judgment from the district court declaring its right to possession, holding that John and Frances Briggs owe monetary damages for their continued trespass on the Property, and ordering John Briggs and his friends and family to vacate the Property and prohibiting any further trespass by them. Now John Briggs appeals the Final Judgment of the district court.

## STATEMENT OF FACTS

Every alleged fact in Appellant's Brief is disputed. The pertinent facts are described below.

### Note Default and Foreclosure

Washington Federal is a national banking association that, among other things, extends credit to borrowers which is secured by real property in the State of Texas. On or about September 3, 2009, John Briggs executed, as maker, a promissory note in the original principal amount of $188,000.00 in favor of

1

Washington Federal, as payee (the "Note"). [Supp.C.R.62-65.] The Note was secured by a Deed of Trust executed by John Briggs and his then-wife Frances Briggs, as grantors, and delivered to Ronda Tomlinson, as Trustee, covering and affecting certain real property located at 12311 Ravenview Road, Dallas, Texas 75253, together with all improvements and fixtures thereon and all rights, privileges and appurtenances thereto (collectively, the "Property"). [Supp.C.R.67-81.] The Deed of Trust is recorded as Document Number 200900265180 of the Official Public Records of Dallas County, Texas. [Supp.C.R.67.] Washington Federal is the owner and holder of the Note and has been the owner and holder of the Note at all times relevant to this litigation. [Supp.C.R.57-60.]

Under the terms of the Note, John Briggs was required to pay Washington Federal monthly installment payments of $1,067.45, each commencing on November 1, 2009, and continuing with an identical monthly installment payment being due and payable on the 1st day of each month thereafter until October 1, 2039, when any remaining outstanding amounts under the Note would be due. [Supp.C.R.57-60, 62-65.]

John Briggs defaulted on the Note. By letter dated October 31, 2013 (the "Notice of Intent to Accelerate Letter"), Washington Federal made written demand upon John Briggs and Frances Briggs (via certified mail and first class mail) to pay the past due amounts then due and owing under the terms of the Note and gave

2

notice that the maturity of the indebtedness due and owing under the Note would be accelerated unless all past due amounts, then totaling $10,336.48, and other charges set forth and described in the Notice of Intent to Accelerate Letter were paid to Washington Federal on or before December 2, 2013.  [Supp.C.R.82-86.] John Briggs and Frances Briggs failed and refused to make the demanded payments, or any portion thereof, by the required deadline. [Supp.C.R.57-60.]

On December 16, 2013, Washington Federal served written notice on John Briggs and Frances Briggs that the maturity of the indebtedness due and owing under the Note had been accelerated and was then fully due and payable (the "Notice of Acceleration Letter"). [Supp.C.R.88-89.]  The Notice of Acceleration Letter was served on John Briggs and Frances Briggs by both certified mail and first class mail, postage prepaid.  [Supp.C.R.57-60.]

On December 16, 2013, a Notice of Substitute Trustee's Sale instrument (the "Notice of Sale"), which complied with all the requirements of the Deed of Trust and §51.002 *et. seq.* of the Texas Property Code, was filed with the Dallas County Clerk and was posted at the Dallas County Courthouse at the place designated for such postings in accordance with the Deed of Trust and §51.002 of the Texas Property Code.  [Supp.C.R.91-93.] The Notice of Sale provided, among other things, that the Property would be sold at a public auction to be held on Tuesday, January 7, 2014 (the "Sale Date"), at the place designated by the Dallas County

3

Commissioner's Court for such sales in Dallas County, Texas, and that the sale would begin no earlier than 10:00 AM on the Sale Date and no later than three (3) hours thereafter. On December 16, 2013, the Substitute Trustee served John Briggs and Frances Briggs with a true and correct copy of the Notice of Sale, along with the Notice of Acceleration Letter, by both certified mail and first class mail, postage prepaid. ("Substitute Trustee's Deed"). [Supp.C.R.95-104.]

On January 7, 2014, the Property was sold at public auction by the Substitute Trustee to Washington Federal on a credit bid of One Hundred Eighty Eight Thousand Three Hundred Sixty Seven and 17/100 Dollars ($188,367.17) as stated in the Notice of Sale. [Supp.C.R.95-104.] After the conclusion of the sale, the Substitute Trustee's Deed was executed and delivered by the Substitute Trustee to Washington Federal. On January 9, 2014, the Substitute Trustee's Deed was filed of record as Document Number 201400005694 of the Official Public Records of Dallas County, Texas. [Supp.C.R.95-104.]

**Forcible Detainer Action**

On or about January 14, 2014, Washington Federal delivered to John Briggs and Frances Briggs notice to vacate the Property. On or about March 4, 2014, Washington Federal filed a forcible detainer action against John Briggs and Frances Briggs and all occupants of the premises located at the Property as Case No. JE1401378H in Justice Court, Precinct 1, Place 1, Dallas County, Texas (the

4

"Justice Court") (such proceeding being referred to herein as the "Forcible Detainer Action"). [Supp.C.R.106-09.]

John Briggs and Frances Briggs were served with notice of the Forcible Detainer Action on March 7, 2014, but failed to appear at the hearing on March 14, 2014. Judgment was entered against John Briggs and Frances Briggs and all occupants on March 14, 2014. [Supp.C.R.111.] John Briggs and Frances Briggs did not file a timely appeal, and a Writ of Possession (the "Writ") was issued in favor of Washington Federal against John Briggs and Frances Briggs on March 21, 2014. [Supp.C.R.111.]

**Briggs's Motion to Vacate**

On March 21, 2014, John Briggs and Frances Briggs filed a "Motion to Vacate Forcible Entry and Detainer" as Case No. DC-14-02879 in the 192nd District Court of Dallas County, Texas, attempting to prevent the enforcement of the forcible detainer order and the Writ from the Justice Court. [Supp.C.R.119-24.] John Briggs and Frances Briggs then failed to appear for the March 28, 2014 hearing set by that court. The 192nd Judicial Court dismissed that case on March 28, 2014. [Supp.C.R.126.]

**John Briggs's First Bankruptcy**

On March 24, 2014, John Briggs filed his first bankruptcy proceeding in an attempt to obstruct and delay eviction and Washington Federal's possession of the

Property, Case No. 14-31372-BJH-13 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). [Supp.C.R.128-35.] The Bankruptcy Court dismissed the case without discharge on April 30, 2014. [Supp.C.R.137-38.]

**Frances Briggs's Bankruptcy**

On May 2, 2014, Frances Briggs filed a bankruptcy proceeding in an attempt to obstruct the eviction, Case No. 14-32101-SGJ-13 in the Bankruptcy Court. [Supp.C.R.140-47.] On June 9, 2014, a Motion for Relief from Stay was granted allowing Washington Federal to continue with the eviction of John Briggs, Frances Briggs, and all other occupants from the Property. Frances' bankruptcy was dismissed without discharge on June 11, 2014. [Supp.C.R.149-50.]

**John Briggs's Second Bankruptcy**

On June 11, 2014, John Briggs filed a second bankruptcy proceeding, Case No. 14-32844-BJH-13 in the Bankruptcy Court. [Supp.C.R.152-59.] Once again, on July 22, 2014, a Motion for Relief from Stay was granted to Washington Federal allowing the eviction of John Briggs, Frances Briggs, and all other occupants from the Property. John Briggs's second bankruptcy case was dismissed on July 29, 2014. [Supp.C.R.161.]

**Lawsuit Against Bankruptcy Court**

6

On June 17, 2014, John Briggs filed an action against the Bankruptcy Court and against Dallas County, Case No. DC 14-06476 in the 99th Judicial District Court of Dallas County, Texas. [Supp.C.R.163-68.] Briggs alleged violations of his civil rights by the Bankruptcy Court in connection with the Forcible Detainer Action. That case was dismissed for want of prosecution on November 17, 2014. [Supp.C.R.170.]

**John Briggs's Bill of Review**

On June 19, 2014, John Briggs filed an "Application for Bill of Review for signed Summary Judgment Order and for Damages" against the Justice Court and prior legal counsel for Washington Federal, seeking relief from the proceedings before the Justice Court, as Case No. DC-14-06571 in the 192nd Judicial District Court of Dallas County, Texas. [Supp.C.R.172-78.] The 192nd District Court dismissed the case on July 25, 2014 after John Briggs failed to appear at a hearing. [Supp.C.R.180.]

**Renewed Writ of Possession**

On July 31, 2014, Washington Federal renewed its Writ in the Justice Court. The Writ was re-issued and posted, giving John Briggs and Frances Briggs and any other occupants of the Property twenty-four (24) hours to vacate the premises. [Supp.C.R.182.]

**Unserved Action in 162nd District Court**

On August 4, 2014, John Briggs filed an "Original Verified Petition and Application for Temporary Restraint, Temporary and Permanent Injunction" as Case No. DC-14-08367 in the 162nd Judicial District Court of Dallas County, Texas. [C.R.5-8; Supp.C.R.184-87.] The petition is facially deficient because it does not allege specific facts or relief requested. John Briggs never properly served Washington Federal with process.

Briggs filed an Affidavit for Inability to Pay Cost Bond, and the district clerk contested the affidavit. [C.R.9-11.] On December 4, 2014, the district court granted the district clerk's contest of the affidavit and ordered that John Briggs could not proceed further without paying the court costs to the district clerk. [C.R.14.] Briggs never paid the court costs.

**First Eviction Attempt and Samuel Gross's Bankruptcy**

On August 6, 2014, the Dallas County Constable's office served the Writ and began moving John Briggs, Frances Briggs, and all other occupants out of the Property at approximately 9:30 AM. At approximately 12:22 PM that same day, Samuel Raithel Gross[1] filed a bankruptcy proceeding, Case No. 14-33855-SGJ in the Bankruptcy Court, and listed the Property as his residence in his bankruptcy petition, which halted the eviction. [Supp.C.R.191-98.] On September 10, 2014,

---

[1] Mr. Gross is not believed to be related to John or Frances Briggs; he is merely a friend or advisor.

another Motion for Relief from Stay was granted to Washington Federal, allowing eviction of John Briggs, Frances Briggs, and all other occupants from the Property. The bankruptcy court enjoined Samuel Gross from assisting any individual in the filing of bankruptcy and enjoined him from going within thirty feet of the Bankruptcy Clerk's office in Dallas. [Supp.C.R.200-01.] The bankruptcy court then dismissed his bankruptcy proceeding, without discharge, and with prejudice to re-filing for five years on November 12, 2014. [Supp.C.R.201.]

**Johnathon David's Bankruptcy**

On September 18, 2014, John and Frances Briggs' son Johnathon David Briggs filed a bankruptcy proceeding, again attempting to delay eviction, in Case No. 14-34492-SGJ-13 in the Bankruptcy Court. [Supp.C.R.203-07.] On November 10, 2014, Johnathon David Briggs' bankruptcy proceeding was dismissed without discharge. [Supp.C.R.209-10.]

**Franesha's Bankruptcy**

On October 29, 2014, John and Frances Briggs' daughter Franesha Briggs filed a bankruptcy proceeding, again attempting to delay eviction, in Case No. 14-35147-SGJ-13 in the Bankruptcy Court. [Supp.C.R.212-21.] Franesha's bankruptcy case was dismissed on November 10, 2014 without discharge. [Supp.C.R.223-24.]

**Finding of Bad Faith and Abuse**

In dismissing bankruptcy proceedings, United States Bankruptcy Judge Stacy G. Jernigan made a specific finding that "John Briggs, Case No. 14-31372 and 14-32844, Frances Briggs, Case No. 14-32101, Samuel Gross, Case No. 14-33855, Johnathon David Briggs, Case No. 14-34492 and Franesha Briggs, Case No. 14-35147, have <u>acted in concert to defraud, hinder and delay Washington Federal in its eviction proceedings and have acted in bad faith to abuse the bankruptcy system</u>." [Supp.C.R.223-24.]

**Second Eviction Attempt and Subsequent Re-Entry**

Patricia Stampley, a realtor, was hired by Washington Federal to oversee the eviction of John Briggs, Frances Briggs, and any other occupant of the Property. [Supp.C.R.234-35.] On November 7, 2014, Deputy Constable Carolina Garcia, along with Ms. Stampley's eviction crew, arrived to the Property to evict the occupants. John Briggs came out of the home brandishing a gun, and he shot two of his own dogs. At that point, Deputy Garcia called the police. Several police officers arrived and spoke with John Briggs. [Supp.C.R.226-29, 234-35.]

After the police arrived, John Briggs, Frances Briggs, and all other occupants were properly evicted from the Property. On November 11, 2014, Ms. Stampley met an alarm company at the Property to install an alarm and was greeted at the door by either John Briggs or a guest of John Briggs. Thus,

sometime between November 8, 2014 and November 11, 2014, John Briggs, Frances Briggs, and other family members illegally broke back into the Property and changed the locks. Ms. Stampley was told to leave and not return. [Supp.C.R.234-35.]

**Washington Federal Files Instant Suit**

On January 6, 2015, Washington Federal filed this action against John Briggs, Frances Briggs, Johnathon Briggs, Franesha Briggs, Damon Briggs, and Samuel Gross in Cause No. DC-15-00147 in the 162nd Judicial District, Dallas, Texas. [Supp.C.R.4-19.] Washington Federal brought claims for declaratory judgment, trespass, and injunctive relief. [Supp.C.R.4-19.] Damon Briggs was non-suited on February 19, 2015 after it was learned that he did not occupy the Property. [Supp.C.R.23.] The remaining defendants are collectively referred to herein as "Defendants."

**Unserved Action in 14th District Court**

On January 20, 2015, John Briggs filed a "Verified Complaint with prejudice and Temporary Restraining Order for permanent Injunction with Prejudice Due To All Rights Reserved Supported by affidavit" as Case No. DC-15-00607 in the 14th Judicial District Court of Dallas County, Texas. [Supp.C.R.20.] Briggs named Washington Federal, Dallas County, and Justice of the Peace Precinct 1, Place 1 as "Respondents." John Briggs never properly served

Washington Federal, and he never sought a hearing on his application for injunctive relief.

**All Three Open Cases are Consolidated**

On February 13, 2015, Washington Federal filed a Motion to Consolidate in its own action, Cause No. DC-15-00147 in the 162nd District Court, requesting consolidation of Briggs's unserved action in the 14th Judicial District, Cause No. DC-15-00607, into Washington Federal's case. On March 10, 2015, Washington Federal filed a second Motion to Consolidate requesting consolidation of Briggs's earlier unserved action in the 162nd District, Cause No. DC-14-08367, into Washington Federal's case. [Supp.C.R.24-28.]

On April 17, 2015, the 162nd District Court consolidated all three cases into one under the earliest cause number, DC-14-08367. [C.R.18-19.]

**Final Judgment entered**

On March 24, 2015, Washington Federal filed a Motion for Summary Judgment[2] as to its claims against Defendants and any pending claims of Defendants against it. [Supp.C.R.30-235.] John Briggs filed a "Motion to Deny Summary Judgment" on April 6, 2015 in Cause No. DC-15-00147, but he did not

_____

[2] This motion was filed in Cause No. DC-15-00147 prior to the consolidation of the actions.

attach any controverting evidence.[3]  Washington Federal then filed a Reply. [C.R.25-31.]

After a full hearing, the district court entered a Final Judgment Against John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross on July 6, 2015. [C.R.39-44.]  In the Final Judgment, the district court declared that Washington Federal owns all fee interests in the Property and entered a permanent injunction against Defendants, ordering them to vacate the Property and prohibiting any further trespass by them.  The district court also ordered John Briggs and Frances Briggs to pay monetary damages, attorney's fees, and court costs to Washington Federal, jointly and severally.  The district court ordered that John Briggs take nothing on any of his counterclaims.

On July 9, 2015, John Briggs filed a Notice of Appeal. [C.R.66.]  None of the other Defendants appealed the Final Judgment. The present briefing pertains to this appeal, which was docketed as No. 05-15-00834-CV.

**Defendants Held in Contempt**

On July 30, 2015, Washington Federal filed a Motion for Contempt against Defendants for failing to vacate the Property.  The district court entered an Order to Appear and Show Cause, ordering Defendants to appear for purposes of

---

[3] This document does not appear to be in the clerk's record.

determining whether they should be held in contempt of court for failure to comply with the Final Judgment. [C.R.77-78.] On August 14, 2015, the district court entered an Order Granting Washington Federal's Motion for Contempt, which ordered John Briggs and Frances Briggs to immediately vacate the Property and instructed officers to take them into custody if they remained on the Property. [C.R.79-80.]

**Defendants Apply for a TRO**

On August 24, 2015, John Briggs and Frances Briggs filed a "Verified Application for Emergency Ex Parte Temporary Restraining Order and Temporary Injunction with Prejudice Supported by Affiant's Affidavit" and named Washington Federal and its law firm, McDonald Sanders, P.C., as defendants. This case was initially docketed as DC-15-09535 in the 160th Judicial District, but it was transferred to the 162nd District Court. The application for TRO was denied.

On November 3, John Briggs filed a motion to recuse Judge Phyllis Lister-Brown of the 162nd District Court, which was denied. After John and Frances Briggs filed an amended pleading dropping McDonald Sanders, P.C. as a defendant, Washington Federal filed a Motion to Dismiss this latest lawsuit, which was granted on November 3, 2015.

**Briggs Files a Second Appeal**

Also on August 24, 2015, John Briggs and Frances Briggs filed a second Notice of Appeal, which was docketed as No. 05-15-01018-CV. This Notice appealed the Order Granting Washington Federal's Motion for Contempt dated August 14. By letter dated September 11, 2015, this Honorable Court wrote John and Frances Briggs and questioned its jurisdiction. Briggs failed to respond, and this appeal was dismissed on October 7, 2015.

**Briggs Vacate Property**

On or about August 27, 2015, John Briggs and Frances Briggs finally surrendered possession of the Property, roughly seventeen months after Washington Federal began forcible detainer proceedings.

## SUMMARY OF THE ARGUMENT

After John Briggs filed his appellant's brief, this Court admonished him that his brief failed to comply with Rule 38 of the Texas Rules of Appellate Procedure and requested that he file an amended brief. Briggs has failed to do so. Because Briggs's brief presents no issues, authorities, or citations to the record, Briggs has wholly failed to properly present any issue on appeal. This case should be dismissed on this basis alone.

Moreover, Briggs appears to misunderstand the purpose of his appeal. In his brief, he appears to complain about what he perceives to be a wrongful eviction attempt by Washington Federal which occurred in November of 2014. This eviction attempt is irrelevant, as Briggs broke back into the Property and regained possession immediately thereafter. Notably, Briggs did not properly appeal the writ of possession issued by the justice court following the Forcible Detainer Action, and thus, he cannot contest that Washington Federal has a right to possession of the Property.

The proper purpose of this appeal would be to determine whether the district court properly granted summary judgment of Washington Federal's claims against John Briggs. Because Washington Federal conclusively established its causes of action and negated any possible counterclaim by Briggs, the trial court did not err in granting summary judgment in its favor.

16

**ARGUMENT**

As detailed at length in the Statement of Facts, John Briggs defaulted on a Note payable to Washington Federal. [Supp.C.R.57-60, 82-86, 87-89.] Thereafter, Washington Federal instituted a Forcible Detainer Action and obtained a writ of possession for the Property. [Supp.C.R.111.] But John Briggs and his family and friends refused to vacate the Property and utilized every possible legal maneuver to avoid it. Ultimately, Washington Federal filed suit below against Defendants for declaratory judgment, trespass, and injunctive relief. [Supp.C.R.4-19.] Washington Federal sought a declaration that it owned all fee interests in the Property and a permanent injunction ordering Defendants to vacate the Property and prohibiting any further trespass by them. Washington Federal moved for summary judgment of its claims against Defendants, and the motion was granted. [Supp.C.R.30-235; C.R.39-44.]

In his brief, Briggs makes various complaints about the eviction attempts which occurred in 2014. However, Rule 510.9 of the Texas Rules of Civil Procedure provides, "A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 5 days after the judgment is signed." TEX. R. CIV. P. 510.9(a). Judgment was entered against John Briggs and Frances Briggs in the Forcible Detainer Action on March 14, 2014. [Supp.C.R.111.] Briggs did not file

a bond, a cash deposit, or a statement of inability to pay within five days thereafter. [Supp.C.R.111.] Accordingly, the Forcible Detainer Action was not appealed to the county court, and it is a final judgment. Washington Federal's right to possession was finally established in the justice court, and it is not at issue in this appeal.

Instead, the purpose of this appeal should be to determine whether the district court properly granted summary judgment in favor of Washington Federal in its lawsuit against Briggs for declaratory judgment, trespass, and injunctive relief. [Supp.C.R.4-19.] Yet Briggs does not complain about the summary judgment in his brief. Briggs only complains of various procedures utilized in the November 7, 2014 eviction attempt, which became moot because he re-entered the Property and changed the locks shortly after being evicted. [Supp.C.R.234-35.] Briggs and his family did not finally surrender possession of the Property until after the district court entered summary judgment against them below.

In fact, Briggs lists no issues presented at all in his brief, despite this Court's October 27, 2015 letter instructing him to amend his brief to comply with Rule 38 of the Texas Rules of Appellate Procedure.[4] Briggs also fails to cite any authority

---

[4] There is no doubt that Briggs received this letter because on November 6, he requested an extension of time within which to file an amended brief. The Court granted his request and extended the deadline to November 16. To date, Briggs has not filed an amended brief.

to support his contentions on appeal, and his brief contains no citations to the record. An issue or point of error not supported by authority is waived. *O'Keefe v. Phelan*, No.14-00-01194-CV, 2001 Tex. App. LEXIS 2591 at *7, 2001 WL 395307 (Tex. App.—Houston [14th Dist.] Apr. 19, 2001, no pet.). Litigants who represent themselves must comply with the applicable law and procedural rules, as must litigants represented by counsel. *Id.* Because Briggs presents no issues for review which pertain to the summary judgment, the judgment of the district court should be affirmed.

## I. The trial court properly granted summary judgment in favor of Washington Federal.

In general, summary judgment is proper where there is no genuine issue as to any material fact. TEX. R. CIV. P. 166a. If the movant's motion and summary judgment proof facially establish its right to judgment as a matter of law, then the burden shifts to the non-movant to raise fact issues precluding summary judgment. *Jim Rutherford Investments, Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). If the non-movant relies on an affirmative defense to defeat summary judgment, he must present summary judgment proof sufficient to raise a fact issue as to each element of that defense. *Id.* (citing *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984); *Dyegard Land P'ship v. Hoover*, 39 S.W.3d 300, 306 (Tex. App.—Fort Worth 2001, no pet.)).

As previously discussed, Washington Federal filed a lawsuit against John Briggs and other residents of the Property seeking (i) a declaratory judgment regarding the ownership of the Property; (ii) monetary damages for Defendants' continuing trespass; and (iii) an injunction ordering Defendants to cease trespassing on the Property and from interfering with its use and quiet enjoyment of the Property. [C.R.4-19.] Because Washington Federal could conclusively establish its right to a declaratory judgment, permanent injunction, and damages for trespass, Washington Federal filed a traditional motion for summary judgment. [Supp.C.R.30-235.] In response, Briggs filed a "Motion to Deny Summary Judgment," but he did not attach any controverting evidence. Washington Federal then filed a Reply which nonetheless negated each argument raised by Briggs in his "motion." [C.R.25-31.] After a hearing, the district court granted Washington Federal's motion and entered a Final Judgment in its favor. [C.R.39-44.]

The district court did not err in granting summary judgment because Washington Federal conclusively established the elements of its causes of action, as discussed in detail below.

A.    <u>Washington Federal conclusively established each element of declaratory judgment.</u>

Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Washington Federal requested a judgment declaring that Washington Federal owns

20

all fee interests in the Property and all rights to possession, to the exclusion of all others, including John Briggs.

The goal of the Uniform Declaratory Judgment Act, codified at Chapter 37 of the Texas Civil Practice and Remedies Code (the "UDJA"), "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." TEX. CIV. PRAC. & REM. CODE § 37.002(b). The UDJA is to be liberally construed and administered. *Id.* Furthermore, courts should interpret and construe the UDJA so as to effectuate its general purpose. *Id.* at § 37.002(c). Declaratory relief is available whenever there is a justiciable controversy involving uncertainty or insecurity as to the rights, legal relations or status of parties and when declaratory relief will settle a dispute and put an end to the controversy. *Anderson v. McCrae*, 495 S.W.2d 351, 356 (Tex. Civ. App.—Texarkana 1973, no writ). A court has the right to determine any question of construction or validity arising out of a deed, contract or other instrument that affects the rights, status or legal relations of party, and as such, a court has the right to declare the rights, status or legal relations of the parties thereunder, as a matter of law. TEX. CIV. PRAC. & REM. CODE § 37.004(a). Seeking summary judgment on a question of law is a proper disposition of a declaratory judgment proceeding. *See Nail v. Thompson*, 806 S.W.2d 599 (Tex. App.—Fort Worth 1991, no writ).

Below, Washington Federal asked the trial court to (1) construe the various instruments before this Court, namely the Childers Affidavit [Supp.C.R.57-60], the Deed of Trust [Supp.C.R.67-81], and the Substitute Trustee's Deed [Supp.C.R.95-104], and (2) requested a judgment declaring that Washington Federal owns all fee interests in the Property, which is legally described as follows:

> Being 2.07 acres net out of the Wm. Latham Survey, Abstract No. 838, Deed Records, Dallas County, Texas, being 2.07 acres net of the entire East side of C.H. Spurgeon tract as recorded in Volume 2621, Page 543, Deed Records, Dallas County, Texas.

Because Washington Federal conclusively established that it owns all fee interests in the Property and all rights to possession, to the exclusion of all others, including John Briggs, the trial court did not err in awarding Washington Federal a declaratory judgment.

B.    Washington Federal conclusively established each element of trespass.

Trespass to real property requires an unauthorized physical entry on the plaintiff's land by some person or thing. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 920 (Tex. 2013). A party that trespasses upon the property rights of another, while acting in the good faith and honest belief that he had the lawful and legal right to do so is regarded as an innocent trespasser and liable only for the actual damages sustained. *Id.* at 921. However, a party who

22

knowingly and intentionally trespasses, or who does so maliciously, may be liable for additional forms of damages. *Id.*

Through its Motion for Summary Judgment and the attached evidence, Washington Federal established all of the elements of its claim. [Supp.C.R.30-235.] First, Washington Federal established it became the lawful fee owner of the Property upon foreclosure with all rights of possession. Washington Federal included, as summary judgment evidence, the Petition for a forcible detainer action against John Briggs and Frances Briggs and all occupants and Judgment entered therein on March 14, 2014. [Supp.C.R.106-09, 111.] Washington Federal also included evidence that Defendants have done everything in their power to delay eviction, which includes a Motion to Vacate, John's First Bankruptcy, Frances' Bankruptcy, John's Second Bankruptcy, Lawsuit Against Bankruptcy Court, Bill of Review, Unserved Action in 162nd, Gross's Bankruptcy, Johnathon's Bankruptcy, and Franesha's Bankruptcy. [Supp.C.R.119-24, 128-35, 140-47, 152-59, 163-68, 172-78, 184-87, 191-98, 203-07, 212-21.]

Second, Washington Federal established that it evicted and removed Defendants from the Property on November 7, 2014. However, John Briggs illegally re-entered the Property shortly thereafter. Washington Federal included, as summary judgment evidence, the Sworn Affidavit of Patricia Stampley. [Supp.C.R.234-35.] The re-entry into and retaking of possession by John Briggs

was physical, intentional, voluntary and without consent of any kind from Washington Federal. Further, John Briggs acted with malice in breaking into the Property and remaining thereon. John Briggs' actions would constitute a criminal trespass under Section 30.05 of the Texas Penal Code as well as trespass giving rise to the civil cause of action. These actions caused injury to Washington Federal.

Last, Washington Federal established it was entitled to judgment for all actual damages in the amount of $16,500.00, which was the fair rental value of $1,100.00 to compensate for the loss of use of the Property for fifteen (15) months. Washington Federal provided evidence of its damages through the Sworn Affidavit of Patricia Stampley. [Supp.C.R.234-35.]

Because Washington Federal conclusively established that John Briggs trespassed on its Property by his unauthorized physical re-entry, the trial court did not err in granting summary judgment on Washington Federal's cause of action for trespass.

C. Washington Federal conclusively established each element of injunctive relief.

A trial court's decision to grant or deny a permanent injunction is reviewed for an abuse of discretion. *Jim Rutherford Investments, Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000, pet.

denied); *Bates v. Kingspark & Whitehall Civic Imp. Ass'n*, 01-11-00487-CV, 2012 WL 1564309, at \*5 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.)(not designated for publication). When the trial court issues a permanent injunction in response to a party's motion for summary judgment, the court also applies the traditional summary judgment standards of review. *Rutherford*, 25 S.W.3d at 848-849.

In its petition, Washington Federal sought a permanent injunction which would (1) require Defendants to vacate the Property and remove all of their personal property, and (2) prevent Defendants from further trespassing onto the Property or otherwise interfering with Washington Federal's use and quiet enjoyment of the Property. Trespass to real property requires a showing of an unauthorized physical entry onto the Washington Federal's property by some person or thing. *Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 512 (Tex. App.—Fort Worth 2014, no pet.). An injunction is appropriate to prevent trespass to real property, especially in situations where the trespass is continuous in nature. A party seeking a permanent injunction must prove a wrongful act, imminent harm, irreparable injury, and the lack of an adequate remedy at law. *Withem v. Deison*, 09-08-00467-CV, 2009 WL 2045322, at \*2 (Tex. App.—Beaumont July 16, 2009, no pet.). A trespass cause of action accrues upon discovery of the first physical invasion on plaintiff's property. *Yalamanchili v. Mousa*, 316 S.W.3d 33,

40 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The continuing tort doctrine is an exception to the statute of limitations for torts that are ongoing and continuous, creating a separate cause of action on each occasion. *Id.* Whether to grant a permanent injunction lies within the trial court's discretion. *Letkeman v. Reyes*, 299 S.W.3d 482, 486 (Tex. App.—Amarillo 2009, no pet.).

Through its motion for summary judgment and the attached evidence, Washington Federal established all of the elements of its claim. [Supp.C.R.30-235.] First, Defendants wrongfully and illegally re-entered the Property, and Washington Federal has been damaged. [Supp.C.R.234-35.] Second, Washington Federal also showed that due to Defendants' continuing trespass on the Property, imminent harm and irreparable injury threatened Washington Federal's use and quiet enjoyment of the Property. [Supp.C.R.30-235.] Finally, Washington Federal has no adequate remedy at law because Defendants' displayed a complete lack of regard for Washington Federal's rights and may again attempt to break-in and take possession of the Property.

Washington Federal conclusively established all elements of its action for injunctive relief. *Jim Rutherford Investments, Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)("where the facts conclusively show that a party is violating the substantive law, the trial court should enjoin the violation, and in such case, there is no discretion to be

26

exercised."). Because Washington Federal conclusively established that John Briggs committed a wrongful act by the continuing trespass on Washington Federal's Property, the trial court did not abuse its discretion by requiring John Briggs to vacate the Property, remove all of his personal property, and enjoining John Briggs from further trespassing onto the Property or otherwise interfering with Washington Federal's use and quiet enjoyment of the Property.

D.    Washington Federal conclusively negated an element of each possible counterclaim alleged by John Briggs.

In response to Washington Federal's petition, John Briggs filed a "Motion to Dismiss with Prejudice Due to Fraud Supported by Affiant Affidavit and Due to All Rights Reserved with Prejudice" on March 2, 2015, which presumptively served as his answer. In it, he fails to articulate a cognizable cause of action and/or affirmative defense. However, in an abundance of caution, Washington Federal outlined each of Briggs' allegations in its Motion for Summary Judgment and argued that Briggs had no evidence to support any of them. In response to Washington Federal's Motion for Summary Judgment, Briggs filed a "Motion to Deny Summary Judgment" on April 6, 2015 in Cause No. DC-15-00147, but he did not attach any controverting evidence. Accordingly, the district court did not err in granting summary judgment in favor of Washington Federal.

The only possible counterclaims alleged by Briggs were those in his two lawsuits against Washington Federal which were consolidated into Washington Federal's lawsuit. Briggs' earliest consolidated lawsuit was Case No. DC-14-08367 in the 162nd Judicial District Court, in which he filed an application for TRO but never served Washington Federal. The clerk ordered that he could not proceed without paying the filing fees, and he never paid the fees. This claim was not before the trial court. [C.R.14.] Briggs' second consolidated lawsuit was Case No. DC-15-00607 in the 14th Judicial District Court, filed January 20, 2015. In this case, Briggs sought another TRO, but he never properly served Washington Federal. Moreover, he never pursued a hearing on his TRO or presented any evidence to support his claim in response to Washington Federal's Motion for Summary Judgment. By granting Washington Federal's permanent injunction, the district court impliedly denied Briggs' request because they were at exact odds with each other. Moreover, in its Final Judgment, the district court ordered "that John Briggs take nothing on any of his counterclaims," and the Judgment "finally disposes of all parties and claims before the parties and is appealable. [C.R.39-44.] Thus, the district court denied any counterclaims by Briggs and entered Final Judgment in favor of Washington Federal.

## II.    Conclusion

In sum, Washington Federal conclusively established each element of its causes of action for declaratory judgment, trespass damages, and injunctive relief, and John Briggs failed to present any controverting evidence.  Accordingly, the trial court did not err in declaring that Washington Federal owns all fee simple interest in the Property, awarding trespass damages to Washington Federal, and permanently enjoining Defendants from reentering the Property. This Honorable Court should affirm the judgment of the trial court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee Washington Federal prays that this Honorable Court affirm the judgment of the trial court, award costs to Appellee, and for such other and further relief to which Appellee may be justly entitled.

Respectfully submitted,

**McDONALD SANDERS, P.C.**

By:  /s/Brittani Wilmore Rollen
       BRITTANI WILMORE ROLLEN
       State Bar No. 24036046
       *brollen@mcdonaldlaw.com*
       RUSSELL A. DEVENPORT
       State Bar No. 24007109
       *rdevenport@mcdonaldlaw.com*
       KATHY M. KASSABIAN
       State Bar No. 24077807
       *kkassabian@mcdonaldlaw.com*

777 Main Street, Suite 1300
Fort Worth, Texas 76102
Telephone:  (817) 336-8651
Facsimile:   (817) 334-0271

**ATTORNEYS FOR APPELLEE**
**WASHINGTON FEDERAL**

# CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Civil Procedure 21a, I hereby certify that on the 16th day of December, 2015, I served the foregoing document upon all other parties as follows:

| John Briggs, pro se<br>P.O. Box 360686<br>Dallas, Texas 75336<br>*electricexpress@aol.com* | **Via:**<br>☐ Efile.TXCourts.gov<br>☐ Hand delivery<br>☐ U.S. Mail<br>☐ Certified Mail, Return Receipt<br>☐ Commercial Delivery Service<br>☐ Fax #_____<br>☒ Email<br>☐ Other (as directed by the Court) |

/s/Brittani Wilmore Rollen_____
Brittani Wilmore Rollen
Attorney for Appellee Washington Federal

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because the brief contains 5,973 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).  I am relying on the word count function of Microsoft Word for the word count.

This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because the brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in Times New Roman, with 14 point text and 12 point footnotes.

Dated: December 16, 2015

/s/ Brittani Wilmore Rollen
Brittani Wilmore Rollen
Attorney for Appellee Washington Federal

I:\09217\0005\10E3920.DOCX

NO. 05-15-00834-CV

_____

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

_____

JOHN BRIGGS,

Appellant,

v.

WASHINGTON FEDERAL,

Appellee.

_____

Appeal from the 162nd Judicial District, Dallas County, Texas
Cause No. DC-14-08367
Hon. Phyllis Lister Brown, Presiding

_____

**APPENDIX TO BRIEF OF APPELLEE WASHINGTON FEDERAL**

_____

1.  Final Judgment issued July 6, 2015 [C.R.39-44.]

# 1

CAUSE NO. DC-14-08367

| | | |
|---|---|---|
| JOHN BRIGGS, | § | IN THE DISTRICT COURT |
| | § | |
| ~~Plaintiff and Counter-Defendant,~~ | § | |
| | § | |
| v. | § | |
| | § | |
| WASHINGTON FEDERAL, | § | |
| | § | |
| Defendant, Counter-Plaintiff | § | DALLAS COUNTY, TEXAS |
| and Cross-Plaintiff, | § | |
| v. | § | |
| | § | |
| ~~FRANCES BRIGGS, FRANESHA~~ | § | |
| ~~JONNELLE BRIGGS, JOHNATHON~~ | § | |
| DAVID BRIGGS, and SAMUEL | § | |
| RAITHEL GROSS, | § | |
| | § | |
| ~~Cross-Claim Defendants.~~ | § | ~~162ND JUDICIAL DISTRICT~~ |

**FINAL JUDGMENT AGAINST JOHN BRIGGS, FRANCES BRIGGS, FRANESHA JONNELLE BRIGGS, JOHNATHON DAVID BRIGGS AND SAMUEL RAITHEL GROSS**

On the 6th day of July, 2015, came on to be heard Washington Federal's Motion for Summary Judgment (the "Motion") against John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross in the above-entitled and numbered cause. Cause Numbers DC-15-00607 and DC-15-00147 have been consolidated before this Court in the above-captioned cause. ~~Included within the Motion is a request for default against Franesha Jonnelle Briggs and Samuel Raithel Gross.~~

Washington Federal appeared by and through its attorney of record. John Briggs, Frances Briggs, Franesha J. Briggs and Johnathon David Briggs appeared pro se.

~~Franesha Jonnelle Briggs and Samuel Raithel Gross, although having been duly served with Citation in the time and in the manner prescribed by law, failed to appear and wholly made default. Citation for Franesha Jonnelle Briggs and Samuel Raithel Gross,~~

~~with the Officer's Return thereon, have been on file with the Clerk of this Court for ten (10) days, exclusive of the day of filing and of this day, and Washington Federal is entitled to a Judgment by Default on its claims against Franesha Jonnelle Briggs and Samuel Raithel Gross. A jury being waived, all matters of fact and of law were submitted to the Court. It appearing to the Court that Washington Federal's claims against Franesha Jonnelle Briggs and Samuel Raithel Gross are founded on a suit proven by instruments in writing, copies of which are attached as exhibits to the Motion, the Court finds the same to be sufficient to prove Washington Federal's claims against Franesha Jonnelle Briggs and Samuel Raithel Gross. The Court finds that Judgment should be rendered in favor of Washington Federal on the claims against Franesha Jonnelle Briggs and Samuel Raithel Gross in accordance with Washington Federal's Petition, originally filed in Cause Number DC-15-00147 and consolidated herein, and the Motion filed herein.~~

Further, with regard to Washington Federal's claims against John Briggs, Frances Briggs ~~and~~ Johnathon David Briggs, *Franesha Jonnelle Briggs and Samuel Raithel Gross* after determining that the Motion was properly before the Court, and after reviewing the Court's file, the Court proceeded to consider the matters required by the Texas Rules of Civil Procedure to be considered upon motions for summary judgment, including the pleadings, the Motion, the affidavits submitted by the parties, the summary judgment evidence attached to the Motion and on file, the authorities cited by the parties, and the arguments of counsel and the pro se parties. After reviewing and considering all such matters, the Court is of the opinion that Washington Federal's Motion is well taken and should be granted in all respects.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Washington Federal's requests for declaratory relief are GRANTED. Accordingly, it is HEREBY

DECLARED that Washington Federal owns all fee interests in 12311 Ravenview Road, Dallas, Texas 75253 (the "Property"), together with all improvements and fixtures thereon and all rights, privileges and appurtenances thereto, and that such interests of Washington Federal are to the exclusion of John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal be granted a permanent injunction as requested. Accordingly, it is hereby ORDERED that (i) John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross shall each vacate the Property and remove all of their personal property from the same within ten (10) ~~twenty (20)~~ days following this Judgment , and (ii) John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross are further prohibited from thereafter trespassing onto the Property or otherwise interfering with Washington Federal's use and quiet enjoyment of the Property.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that John Briggs take nothing on any of his counterclaims.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal have and recover judgment of and from John Briggs and Frances Briggs, jointly and severally, for actual damages in the principal sum of SIXTEEN THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($16,500.00).

~~IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal have and recover judgment of and from John Briggs and Frances Briggs, jointly and severally, for exemplary damages in the principal sum of THIRTY THREE THOUSAND and 00/100 DOLLARS ($33,000.00).~~

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal and have and recover judgment of and from John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~, jointly and severally, for all costs of court.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal and have and recover judgment of and from John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~, jointly and severally, for reasonable and necessary attorneys' fees and costs through hearing of this Motion in the amount of TWENTY FIVE THOUSAND and 00/100 DOLLARS ($25,000.00), as provided by law.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal and have and recover judgment of and from John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~ for an additional sum of FIVE THOUSAND and 00/100 DOLLARS ($5,000.00) for necessary and reasonable attorneys' fees in the event John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross file a motion for new trial.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Washington Federal and have and recover judgment of and from John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~ an additional sum of FIFTEEN THOUSAND and 00/100 DOLLARS ($15,000.00) for necessary and reasonable attorneys' fees in the event that John Briggs, Frances Briggs, Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross appeal this judgment to the Court of Appeals.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Washington Federal

have and recover judgment of and from John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~ and an additional sum of TWENTY THOUSAND and 00/100 DOLLARS ($20,000.00) for necessary and reasonable attorneys' fees in the event that John Briggs, Frances Briggs, ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~ and file a petition for review to the Texas Supreme Court, and an additional sum of TEN THOUSAND and 00/100 DOLLARS ($10,000.00) for necessary and reasonable attorneys' fees should the Texas Supreme Court grant the Petition for Review and should Washington Federal prevail on appeal.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Washington Federal have and recover post-judgment interest of and from John Briggs, Frances Briggs, and ~~Franesha Jonnelle Briggs, Johnathon David Briggs and Samuel Raithel Gross~~ at the lawful statutory rate of 5% per annum from the date of judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Washington Federal shall have all writs of execution and other appropriate process necessary to collect this Judgment, and that they shall issue as many and as often as necessary.

All relief requested in this case and not expressly granted is denied. This Judgment, together with all other Judgments rendered herein, finally disposes of all parties and claims before the Court and is appealable.

IT IS SO ORDERED.

SIGNED AND ENTERED on this _6th_ day of _July_, 2015.

_____
JUDGE PRESIDING

AGREED AS TO FORM ONLY

_John Briggs_
JOHN BRIGGS

_Frances Briggs_                    214-663-8616
FRANCES BRIGGS

_Johnathon D. Briggs_
JOHNATHON D. BRIGGS

_N Briggs_
FRANESHA J. BRIGGS

_Bell Davenport_
RUSSELL DEVENPORT,
COUNSEL FOR WASHINGTON FEDERAL